PHINEHAS SPRAGUE & another *vs.* SIMON GILLETT & another.

A. and B., joint owners of part of a vessel, authorized C., another owner, to purchase their proportion of the outfits of the vessel, but did not furnish him with funds: C. purchased the outfits on a credit of six months, and gave a note therefor, as agent of A. and B., payable in six months: A. and B., not knowing that C. had purchased on credit, paid him the amount of the purchase, in two months after it was made: C. did not pay the note at maturity, and the vendor of the outfits sued A. and B. therefor, in an action for goods sold and delivered. *Held*, that he was entitled to recover

ASSUMPSIT for cordage sold and delivered. At the trial in the court of common pleas, before *Warren*, J. evidence was introduced tending to show the following facts: That in November 1840, the defendants, and Charles A. Brown, who has since died, were the owners of five eighths of the barque Creole: That the defendants, before the 30th of said November, authorized the said Brown, as their agent, to purchase their proportion of the outfits of said barque which was then fitting for a whaling voyage; but that they made no advance to said Brown: That on the 30th of said November, the said Brown, as such agent, purchased of the plaintiffs the cordage in question — the same being a necessary part of the outfit of said barque — on a credit of six months, and, as agent as aforesaid, gave to the plaintiffs a note therefor, payable in six months: That the defendants, about two months after this purchase, made a settlement with said Brown, and paid him their proportion of the outfits, with a commission for his services.

It did not appear in evidence whether Brown was or was not instructed to purchase on a credit; and there was no evidence that the defendants knew that the cordage was purchased upon a credit.

The defendants, upon this evidence, contended that they

were not liable for the amount of the plaintiffs' claim ; but the court instructed the jury that the defendants were so liable, and a verdict was returned for the plaintiffs. The defendants alleged exceptions to the said instruction.

*M. S. Clarke*, for the defendants. As the authority of Brown was only to purchase the defendants' proportion of the outfits of the Creole, he was their special agent, and they are not liable for his acts beyond the extent of the authority conferred on him. Story on Agency, §§ 17, 126, 127, 131. Long on Sales, (Rand's ed.) 397. *Fenn* v. *Harrison*, 3 T. R. 757. *Gibson* v. *Colt*, 7 Johns. 390. So far as can be ascertained from the evidence in the case, if Brown was authorized to buy on credit at all, it was on demand, or at two months at the furthest. The plaintiffs were bound to show that six months' credit was usual in cases like this ; but they have not shown it ; and the defendants insist that such credit is unusual. The evidence shows that the defendants, being ignorant that the purchase was on credit, paid Brown in two months ; whereby they suffered an injury. This fact, being part of the *res gestæ*, is strong proof that Brown had no authority to buy on longer credit than two months, and also rebuts the presumption arising from the fact that the defendants furnished him with no funds before the purchase.

*W. Gray*, for the plaintiffs.

Wilde, J. This is an action of assumpsit for the price of a quantity of cordage purchased of the plaintiffs by the defendants' agent ; and the defence is, that the agent was not authorized to make the purchase on a credit. That he was not in terms expressly so authorized is admitted ; but he was authorized to make the purchase, and no funds were advanced to him, to enable him to purchase for cash. This, by implication, unquestionably authorized him to make the purchase on the defendants' credit. When an agent is authorized to do an act for his employer, all the means necessary for the accomplishment of the act are impliedly included in the authority, unless the agent be in some particular expressly restricted. Thus, if an agent is employed to procure a note

or bill to be discounted, he may, unless expressly restricted, indorse it in the name of his employer, and thereby bind him. So an authority to a broker to effect a policy will authorize him to adjust a loss under the policy. Story on Agency, §§ 58 – 60. *Richardson* v. *Anderson*, 1 Campb. 43, *note.* Without doubt, therefore, the defendants' agent was authorized to purchase on credit, and to bind the defendants to pay the purchase money. This authority is necessarily implied from the admitted fact, that the agent was not furnished with any funds wherewith to pay the purchase money; and certainly he was not bound to advance his own funds, nor to become chargeable himself.

It has been objected, that a longer time of credit was allowed than was usual in like purchases, and that the defendants were thereby led to believe that their agent had paid for the cordage, and that, about two months after the purchase, they paid him the amount. There is no foundation for this objection. It is not admitted by the plaintiffs that six months was an unusually long credit in like purchases; nor would it be material, if it were admitted. The plaintiffs are not responsible for the misconduct of the defendants' agent. If the defendants have been deceived by him, their remedy is against him. That can be no defence in this action. It is not material whether the agent was authorized to give a note in the defendants' names; for, whether he was or not, the defendants are liable in this action.

*Exceptions overruled.*