Battle J.
 

 The question presented for our determination in this case is one of some practical importance, but not of much difficulty. There is no doubt that the defendant was not bound by the contract for the purchase of the hides, made by his agent, because the agent had exceeded his authority, in purchasing upon credit, instead of paying cash, as he was expressly directed. This is fully established by the authorities referred to and relied upon by the defendant’s counsel. 1
 
 Chit, PI.
 
 40.
 
 Com. on Cont.
 
 223. The principal, then, had a perfect right to repudiate the contract and refuse to receive the articles, but not having done so, it is equally clear that, by receiving the hides and appropriating them to his own use, after notice from the plaintiff that they had been purchased for him and upon his credit, he ratified the contract, made on his behalf, and became bound to pay for them. And this result would have been the same whether Bates acted contrary to his authority, exceeded it, or had none at all. It is the simple case of the goods of one man coming to the use of another, which he knowrs are not intended as a gift, but are sent to him, upon the expectation, that he will receive them and pay for them. He may refuse them, if they have been sent without his request: but, if he receive them, he must pay the price. But it is contended, that the defendant received the goods, before notice that they were sent upon his credit, at Hamburg, by the delivery to the commission merchants, or at least to the wagoner, who carried them to his place of residence in Henderson County. That cannot be so, for there is no evidence, that the commission.merchants or the wa
 
 *12
 
 goner were his special agents to receive the goods for him. There was, therefore, no delivery of them to the defendant, until they were carried to him in Henderson. Until that time they were merely
 
 in transitu,
 
 in the hands of common carriers, and be had the option to receive them or reject them. Having done the former, it is but common justice that he should pay for them. The dishonesty of his agent in embezzling his money must fall upon himself, and not upon an innocent person, who never trusted the agent.
 

 In coming to the conclusion, that the defendant is responsible for the price of the hides, we have not been at all influenced by the consideration, that he had notice that he was looked to- for payment, before he had the settlement with his agent. That circumstance did not in any manner affect the plaintiff’s right to recover, provided the notice, that credit was given to him, reached his hands before the goods were received by him, because the plaintiff had done nothing to change the relation between him and his agent, before that time. The judgment must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.