*508
 
 Pearson, J.
 

 On the 1st of December 1838, Alexander Mebane, the testator of the defendant, and one Williams, entered into an agreement under seal to the following effect: Mebane was to furnish $4000 and Williams was to buy negroes for, and in the name of, Mebane, to take the bills of sale in his name and to resell the negroes to the best advantage ; and for his trouble was to be allowed one half of the nett profits, after deducting expenses.— The agreement to be in force until the 1st of January 1840.
 

 On the 9th of January 1840, the parties settled in full, and agreed to continue the business under the same terms, until 1st ot January 1841.
 

 On the 31st of January 1841, the parties again settled in full, and agreed to continue the business under the same terms, until the 1st of January 1842.
 

 On the 23rd of March 1842, the parties again settled in full, and agreed to continue the business under the same terms, until the 1st of January 1843.
 

 The testator Mebane was a man of large estate, residing in the County of Bertie, and Williams was a man possessed of no visible estate.
 

 On the 23rd of September 1841, the plaintifF sold to Williams as the agent of and for,
 
 Mebane,
 
 a negro man, for the sum of $525, and received a note from him signed and sealed by him in the name of Mebane, and by one John Sutton as his surety. The negro was thereupon delivered to Williams, and he afterwards sold him and received the price for Mebane.
 

 The bill charges, that as Williams had been openly acting as the agent of Mebane for several years, in the County of Bertie, in buying and selling negroes, the plaintiff, when requested to sell the negro to Mebane, did so, under the full belief, that Williams had ample authority to bind Mebane, and, under that belief, accepted the note and delivered the negro, knowing that Mebane was a
 
 *509
 
 man of large estate. It further charges; that Sutton is entirely insolvent, and that Mebane, when applied to, refused to pay the note, on the ground, that Williams had no authority to bind him by a sealed instrument. The prayer is, that Mebane be decreed to pay the price of the negro with interest.
 

 The answer of Mebane denies, that Williams had any authority to buy negroes for him on credit, or to bind him by a sealed instrument; and he insists that it was the plaintiff’s “own folly” to deal with him without requiring a power of attorney, and that the plaintiff, by accepting the note, executed by Sutton, discharged the defendant Mebane ; and he avers, that, Williams afterwards failed to settle, became insolvent, and left the County, largely in his debt.
 

 Upon the coming in of the answer, setting forth the agreement as above stated, there was an amended bill, charging that the agreement constituted a copartnership between Mebane and Williams. The answer denies that there was a copartnership and insists that there was only the relation of special agent, whose pay was to be measured by the nett profits.
 

 We do not feel called on to decide, whether the agreement between Mebane and Williams constituted a co-partnership, so far as the rights of third persons are concerned, or not. For, we think if entirely clear, that as Williams was the agent of Mebane, authorised to buy and sell negroes for him, and, as this negro was bought for him, became his property and was sold for his benefit, he is bound to pay the price.
 

 It is true that Williams was not authorised to bind Me-bane by a sealed instrument. That would preclude all inquiry as to the consideration ; and for this reason the law will not permit either an agent or partner to bind his principal or copartner by an instrument under seal.
 

 
 *510
 
 But in this case, the plaintiff says, I ask no benefit from the seal, but wish the whole matter opened. I aver that I sold you a negro ; you became the owner; and your agent took possession and afterwards sold the negro for your benefit, and it is against conscience that you should refuse to pay the price.
 

 The position, that Williams had no authority to buy on credit, is not tenable. The authority to buy and sell is given in the most general terms, and, in the absence of any restriction, it is clear, that the agent had authority to buy for cash or on credit as he deemed best, and to sell in the same way. The position, that by accepting the bond, the plaintiff discharged the defendant from the original consideration, is equally untenable. Such would have been the effect if the bond had been what it purported to be. But when Mebane refused to adopt it as his bond, the plaintiff had a right to treat it as a nullity and to look to Mebane for the price of the negro, it being admitted that Sutton is insolvent.
 

 The plaintiff must have a decree for the price of the negro, with interest; and the defendant must pay the costs.
 

 Per Curiam.
 

 Decree accordingly.