## John S. Willard vs. Charles Buckingham and Another.

The plaintiff sold certain goods to the defendants through *F*, their general agent, who was fully authorized to make the purchase. Afterwards, upon the representation of *F* to the plaintiff that it was necessary to send a receipted bill to the defendants in order to obtain payment of it, the plaintiff receipted the bill of the goods and delivered it to *F*. *F* presented the bill thus receipted to the defendants, who paid the amount to him, they having no knowledge of the circumstances under which the receipt was given. The money so received by *F* was never paid to the plaintiff. *Held*, in an action of assumpsit, brought against the defendants for the amount of the bill, that the plaintiff was entitled to recover.

*F* being the general agent of the defendants and authorized to purchase the goods, he was acting in the whole matter within the scope of his authority, and his acts and declarations were to be considered as the acts and declarations of the defendants, and his knowledge of the circumstances under which the receipt was given, as their knowledge.

And held that it could not be inferred from the facts that the plaintiff had made *F* his own agent in the matter.

Assumpsit, for goods sold to the defendants by William A. Willard, by whom the claim had been assigned to the plaintiff; brought to the Superior Court in New Haven county. The defendants were trustees for the holders of mortgage bonds of the New Haven, New London & Stonington Railroad Company and were operating the road as such trustees. The defendants pleaded a general denial, with notice that they should offer in evidence a receipt for payment for the goods signed by the said William A. Willard, with proof that payment for the goods was in fact made to the said Willard.

The case was referred to an auditor by whom the following facts were found :

The goods in question were sold and delivered to the defendants by the said William A. Willard at the times specified in the plaintiff's bill of particulars, being at different dates from October 30th, 1862, to January 13th, 1863. The sale was made in the city of New York, through the agency of one J. E. Foster, a general agent of the trustees, and fully authorized by them to make such purchase. Upon a representation afterwards made by Foster that it was neces-

Willard *v*. Buckingham.

sary to send a receipted bill to the trustees, in order to obtain the money in payment of it, Willard receipted the bill and delivered it to Foster for that purpose ; and thereupon Foster, having presented the bill to the trustees as a voucher for his payment of its sum on their account, was allowed the same upon the settlement of his general account with the trustees, and the amount was paid to him by the trustees, who had no knowledge of the circumstances under which the receipt was given. Foster did not pay the amount so received, or any part of it, to Willard, nor has he or his assignee received any thing from any person in payment of the bill.

If, upon the facts found, the law should be held to be so that the plaintiff was entitled to recover, the auditor awarded that he should recover the sum of $100.96, with interest from August 5th, 1863.

The Superior Court (*Hinman, C. J.*) accepted the auditor's report and rendered judgment for the defendants. The plaintiff brought the record before this court by a motion in error.

*J. S. Beach* and *J. T. Platt*, for the plaintiff in error.

1.   In the state of New York, where this contract was made and acquittance executed, a receipt for the payment of money is not conclusive evidence of the facts attested by it ; but is open to contradiction or explanation by parol testimony, and if without consideration is no bar to a suit. *Kellogg* v. *Richards,* 14 Wend., 118 ; *Wadsworth* v. *Allcott,* 2 Selden, 71 ; *Houston* v. *Shindler,* 11 Barb., 40 ; *Riley* v. *Smith,* 6 N. Y. Legal Observer, 272 ; *S. C.,* Abbott Dig., 671, § 8. It will not be denied that if the defendants had dealt directly with the plaintiff, and not through an agent, and the receipt in question had been obtained without consideration, it would have been no defence whatever to this suit.

2.   The receipt in question, being without consideration, is no defense to this action, and this although it was obtained by the defendants mediately, through their general agent Foster, and not directly by themselves. All the dealings and negotiations between W. A. Willard and the defendants with

reference to this whole matter were conducted on the part of the defendants through J. E. Foster, their general agent in New York. The goods were purchased by him, and when the account became due it was presented to him for payment, when he represented that it was necessary to send a receipted bill to the defendants in order to obtain the money. In pursuance of this representation the receipt in question was executed and delivered to Foster. The auditor finds that Foster was a *general agent* of the defendants. To use the language of Chancellor Kent, he was " the one whom they put in their place to transact all their business of a particular kind, or at a particular place." 2 Kent Com., 620. Or, in the words of Judge Story, he was " the one delegated by them to do all acts connected with a particular trade, business, or employment." Story on Agency, § 17. The defendants must be deemed to have had notice of the circumstances under which the receipt in question was obtained, and of its want of consideration. Civil Code of New York, § 1247, p. 369; *Bank of U. States* v. *Davis*, 2 Hill, 464; *Fulton Bank* v. *N. York & Sharon Canal Co.*, 4 Paige, 137; Story on Agency, § 140. Foster, in obtaining the receipt in question, was acting within the scope of his actual, or at least his ostensible, authority; and, so far as the rights and liabilities of the parties to this action are concerned, his act was the act of the defendants. Civil Code of New York, § 1245, p. 369; Story on Agency, § 452; *Johnson* v. *Jones*, 4 Barb., 373; *Hunter* v. *Hudson River Iron Co.*, 20 Barb., 506; *Bank of U. States* v. *Davis*, 2 Hill, 464; *Sandford* v. *Handy*, 23 Wend., 268; *North River Bank* v. *Aymar*, 3 Hill, 268; *Dunning* v. *Roberts*, 35 Barb., 463; *Griswold* v. *Haven*, 25 N. York, 595; *Farmers' & Mechanics' Bank* v. *Butchers' & Drovers' Bank*, 16 N. York, 125; *Exchange Bank* v. *Monteath*, 26 N. York, 505.

3. There has been no act done on the part of Willard indicating an intention to discharge the defendants from their liability on this contract and accept instead the individual liability of the agent. *Reed* v. *White*, 5 Esp., 122; Story on Agency, §§ 431, 433.

4. It does not appear that the defendants have been injured, or that they have dealt differently with their agent from what they would have done if the receipt in question had not been given.

*L. H. Bristol*, for the defendant in error.

1. The receipted bill is in our courts itself a complete defence to the action in the absence of fraud, mistake or surprise. *Fuller* v. *Crittenden*, 9 Conn., 401 ; *Tucker* v. *Baldwin*, 13 id., 136 ; *Hurd* v. *Blackman*, 19 id., 177 ; *Beam* v. *Barnum*, 21 id., 200. And the presumption arising from the receipt is supported instead of rebutted by the facts found. 1st. The party who presents himself to a vendee with a receipted bill is, *by that fact alone*, accredited as the agent of the vendor. *Featherstone* v. *Hunt*, 1 Barn. & Cress., 113. 2d. The auditor's report finds *as a fact* that the plaintiff caused the receipted bill to be delivered to Foster in order that he might obtain payment of it. It is thus expressly found that the plaintiff constituted Foster *his* agent *pro hâc vicê.*

2. At all events the plaintiff under the circumstances of this case is estopped to deny the payment of his debt. The auditor's report finds that Foster presented the receipt to the defendants as a voucher for payment of the bill by him, and that he was allowed the same upon the settlement of his general account with the defendants and the amount of the bill paid to him by them. In other words, the defendants settled with Foster upon the faith of the receipt. It is a familiar rule of law that of two innocent parties the one who by his mistake or misconduct has put it into the power of a third party to commit a fraud is the party who must bear the loss, and the application of this rule to the present case will exonerate the defendants from liability. This is settled by an unbroken course of decisions. *Cheever* v. *Smith*, 15 Johns., 276 ; *Muldon* v. *Whitlock*, 1 Cowen, 290 ; *Wyatt* v. *Marquis of Hertford*, 3 East, 147 ; *Parnther* v. *Gaitskell*, 13 id., 432 ; *Manhattan Co.* v. *Lydig*, 4 Johns., 377 ; *Davis* v. *Allen*, 3 Comst., 168 ; *Featherstone* v. *Hunt*, 1 Barn. & Cress., 113 ;

*McFarlane* v. *Guiannacopulo*, 3 Hurl. & Norm., 860. In the case of *Muldon* v. *Whitlock*, the rule is thus laid down :— " The true principle applicable to this class of cases seems to be this : If a man deal with the agent of another in such a manner as to enable him to settle with his principal and receive from him a sum of money or other advantage which otherwise he would not have been able to obtain, and the principal does in truth so settle with his agent, he shall not afterwards be responsible upon the contract of his agent if he fail to pay."

3. The plaintiff seeks to escape from the effect of these decisions by claiming that the receipt was entrusted to Foster in consequence of his representation that it was necessary to send a receipted bill in order to obtain payment, and that this constituted a fraud on the part of the agent for which the defendants are responsible. 1st. The fallacy of the plaintiff's counsel consists in assuming that a principal is civilly answerable for all frauds done by his agent. On the contrary, the rule is, that to make the principal liable for any act of fraud or negligence done by his agent, the act must be done *in the course of his employment,* and that if he steps outside of it to do a wrong, either fraudulently or feloniously, towards another, the master is no more answerable than any stranger. *Foster* v. *Essex Bank,* 17 Mass., 479, 510 ; *Howe* v. *Newmarch,* 12 Allen, 49 ; *McManus* v. *Crickett,* 1 East, 106 ; *Lyons* v. *Martin,* 8 Ad. & El., 512. The representations were not made by Foster in the course of his employment as agent ; they in no way related to or touched upon his duty to the defendants, but were made by Foster for a purpose of his own, in disregard of the object of his employment. It was no part of his duty as their servant, to collect of them the bills of third parties, and he was never employed for such a purpose. " If," says Ch. J. Parker, " I send my servant to market, and he steps into a shop and steals, *or upon false pretences cheats the shopkeeper out of his goods,* I think all mankind would agree that I am not responsible for the goods he may thus wrongfully acquire." *Foster*

v. *Essex Bank,* supra.  2d.  The representation has not the fraudulent character imputed to it by the plaintiff.  The representation was that it was necessary to *send* a receipted bill to the defendants.  Under that representation the choice of an agent for the purpose rested with the plaintiff, and if he selected an unfit person, it is his misfortune, not our fault.  3d.  It is preposterous to claim that the representation was one which could have affected the action of the plaintiff.  Every man who sells goods knows that he has a right to his pay ; knows, too, that he can enforce that right by legal process, if necessary, and cannot be imposed upon by any representation that it is necessary for him to admit that he has been paid for the purpose of obtaining payment.

4.  Irrespective of the merits of the case, no recovery can be had by the plaintiff *in the present form of action.*  1st.  The plaintiff, upon the pleadings in this case, seeks to fasten an individual *personal* liability upon the defendants, for goods sold by him to them.  The officer is commanded to attach their individual property, and the declaration states the cause of action to be a liability for goods sold to them personally, (not describing them as trustees,) and a promise by them individually, (and not as trustees,) to pay for those goods.  2d.  The auditor's report finds that the goods were sold to the defendants while in possession of the railroad as trustees for its bondholders, under section 513, title 7, of the Revised Statutes, for the purpose of operating the road, and by the terms of that section the defendants are expressly exempted from the personal liability to which the plaintiff seeks to subject them in the present action.  The statute contemplates only a proceeding in the nature of an action *in rem.*  Its object is to substitute a liability on the part of specific property, that is, the trust estate, for the individual and personal liability of the trustees, and any action brought for the purpose of subjecting the specific property to liability must contain appropriate allegations.  The present declaration counts, as shown, upon a personal liability, and contains no allegations of the existence of any specific property, or the interest of the trustees therein.  Judgment, if rendered in favor of the

plaintiff, would be against the defendants personally, and the execution would run against their individual property.

CARPENTER, J. Upon the facts found by the auditor the Superior Court rendered judgment for the defendants. The assignment of errors is not sufficiently specific, but the real question involved in the case is easily apprehended. It is this; what effect, under the circumstances, should be given to the receipt, given by William A. Willard, the vendor of the goods? The answer to that question mainly depends upon another; whether Foster, in procuring the receipt, and delivering it to the defendants, is to be regarded as the agent of the defendants or of Willard? If the latter, the judgment is right; if the former, it is erroneous.

For the purpose of determining this question, we must take the case as it is presented. There is no motion for a new trial, and the motion in error raises no question of evidence. Whether evidence affecting the receipt was or was not admissible, is a question which does not appear to have been made in the court below, and cannot be considered here.

The goods were sold by Willard to the defendants, and have not been paid for. The plaintiff would seem to be entitled to a judgment, unless some act done by himself, or those under whom he claims, precludes him from a recovery. The defendants claim that the receipt given by Willard is a bar to the plaintiff's right of recovery.

The receipt was obtained by Foster, upon a representation that it was necessary to send a receipted bill to the defendants, in order to obtain the money in payment of it. Up to that time Foster was the general agent of the defendants in New York, and as such had purchased the goods for which the bill was given. The auditor has expressly found that he was authorized to make such purchase. From these facts his authority to pay for the goods thus purchased cannot be doubted. The representation was made by him, while apparently taking measures to make payment, and related to the mode of payment. There is no evidence that his agency had ceased, and we fail to discover any indications of an intention

by Willard to make him his agent for any purpose whatever. His character as agent for the defendants having been once established, he must be presumed to act in that capacity throughout the transaction until the contrary appears. He was acting then within the scope of his authority, and his acts and declarations must be considered as the acts and declarations of the defendants. He had knowledge of the circumstances under which the receipt was given, and notice to him, in legal contemplation, is notice to the defendants. *Farrel Foundry* v. *Dart*, 26 Conn., 376 ; *Wing* v. *Harvey*, 27 Eng. Law & Eq. R., 140 ; Ang. & Ames on Corporations, § 305, and cases there cited.

Had the defendants made the representation in person, or had they been present and heard it made by Foster, no one would deny their responsibility. The case we have under consideration is not distinguishable in principle from the case supposed.

Whether the representation was true or false the result must be the same. If true, he merely stated the mode adopted by the defendants for the transaction of business through their agent. Willard had done all that was required of him, and nothing remained but for the defendants to pay and for Willard to receive the money. They could not have been misled, and not the slightest excuse exists for refusing to pay. If false, it was the misrepresentation of the defendants themselves, through their own agent, and, as between themselves and third parties, they, and they alone, ought to suffer the consequences. Willard had a right to assume that it was true, and to act accordingly. In doing so he may have been too confiding, but we cannot for that reason say that he ought to be subjected to this loss. It seems more reasonable that a party employing an agent should be responsible for his misconduct.

There is undoubtedly a class of cases, in which a party who places a receipt in the hands of an agent, whereby the principal is defrauded, is justly held responsible for the loss. If there is collusion, if the third party knows that the agent contemplates an improper use of the receipt, if it appears

that the agent in taking the receipt is not acting within the apparent scope of his authority, or if from the circumstances it appears that the party signing the receipt adopts the agent *pro hâc vicê* as his own, in these and like cases it is manifestly just that he should be chargeable with the loss. But nothing of the kind appears in this case.

The judgment of the Superior Court must be reversed, and the cause remanded for further proceedings in that court.

In this opinion the other judges concurred.