HOPKINS v. NORFOLK AND SOUTHERN RAILROAD COMPANY.

(Filed December 9, 1902.)

1. NONSUIT—*Evidence.*

> On a motion for nonsuit the evidence of the plaintiff must be
> taken as true and construed most favorably for him.

2. FISHERIES—*Nets—Damages—Navigable    Waters—Water    and
Watercourses—The Code, Sec. 3385.*

> A company injuring fishing nets in a navigable stream by un-
> necessarily and wantonly running its boats into the same,
> is liable for damages.

ACTION by E. B. Hopkins and another against the Norfolk
and Southern Railway Company and another, heard by Judge
*George A. Jones* and a jury, at Spring Term, 1902, of the
Superior Court of TYRRELL County.   From a judgment of
nonsuit, the plaintiffs appealed.

*W. M. Bond,* for the plaintiffs.
*Pruden & Pruden,* and *Shepherd & Shepherd,* for the de-
fendants.

DOUGLAS, J.   This is an action to recover damages for the
destruction of fishing nets by the steam tug and barge of the
defendants.   Among other allegations in the complaint are
the following:

1. That during the spring of 1901 they were engaged in
fishing Dutch and pound nets in the waters of Scuppernong
River, where they had the right in law to fish same.

4. That on the said day (May 1, 1901), while the said nets
of plaintiffs were setting in said water catching fish at large
profit to them, said nets were run over, greatly damaged and
partially destroyed by said transfer barge and said tug boat,
being lashed together.

5. That said injury to and destruction of said nets was caused by the negligence of those operating said boats, they being employees of defendants, in failing to navigate them so as to avoid nets, as there was plenty of water for them to do so, and there was no necessity, either from stress of weather or from any other cause, to make them run over said nets; that said nets were injured wilfully, wantonly, unlawfully and unnecessarily, and three nets were injured or destroyed.

The plaintiff introduced evidence tending to show that the defendant's boats ran over and injured the plaintiffs' nets on May 1, 1901, between sunset and dark; that it was not too dark to see the nets; but that they could have been seen at a distance of 400 or 500 yards before reaching them; that the river at that place is between 300 and 400 yards wide; that the nets did not extend into the regular channel of the river, where boats usually passed, but left a clear channel from 125 to 150 yards in width, along which the boats could have gone with ordinary care without inconvenience or danger, and without injuring the nets. There was also evidence tending to show the amount of damage. At the conclusion of the plaintiffs' testimony, the defendants moved for judgment as of nonsuit. This motion was granted.

It is well settled that on a motion for nonsuit, or its counterpart, the direction of a verdict, the evidence of the plaintiff must be accepted as true, and construed in the light most favorable for him. *Moore v. St. Ry. Co.*, 128 N. C., 455; *Coley v. R. Co.*, 129 N. C., 407, 413, and cases therein cited. In *Purnell v. Railroad* 122 N. C., 832, Justice Furches, speaking for the Court, says: "This motion is substantially a demurrer to the plaintiff's evidence, and this being so, and the Court having no right to pass upon the weight of evidence, every fact that plaintiff's evidence proved, or *tended* to prove, must be taken by the Court to be proved. It must

be taken in the strongest light as against the defendants." Thus construing this evidence, there can be no doubt that the case should have been submitted to the jury. Therefore there was error in the judgment of nonsuit.

The right of navigation is paramount, but not exclusive. If the nets had been across the channel of the river, or had been in any other way a bar to navigation, they could have been run over with impunity by any vessels that might have found it reasonably necessary to do so. *Lewis v. Keeling,* 46 N. C., 299; 62 Am. Dec., 168; *State v. Baum,* 128 N. C., 600. But there must be some such necessity. As was said by this Court in *Lewis v. Keeling, supra:* "There must be no wantonness or malice, no unnecessary damage, but a *bona fide* exercise of the paramount right of navigation." This rule is not only uniformly recognized by the Courts in awarding compensatory damages, but is further enforced by Section 3385 of The Code, by providing a penalty of one hundred dollars for every such injury.

The defendants rely upon Baum's case, *supra,* but that case recognizes only the *paramount* right of navigation, and is based upon the *obstruction* of a navigable stream.

There was error in taking the case from the jury.

Error.