CRAFT v. RAILROAD CO.

(Filed September 20, 1904).

1. EVIDENCE—*Waters and Water-courses—Questions for Jury.*

In this action to recover damages for the diversion of water, the evidence is sufficient to be submitted to the jury.

2. NONSUIT—*Evidence—Acts 1897, ch. 109—Acts 1899, ch. 131.*

On a motion for nonsuit, the evidence of the plaintiff must be taken as true and construed in the light most favorable to him.

3. WATERS AND WATER-COURSES—*Damages.*

The act of the defendant in cutting a ridge or natural water-shed between two streams, causing the waters of one to flow into the waters of the other, which formed the boundary of plaintiff's land, the new channel being cut into the old at a right angle, so that the water would be carried by its own momentum across the channel and onto the plaintiff's land, renders the defendant liable for the resulting damage.

ACTION by J. D. Craft against the Norfolk and Southern Railroad Company, heard by *Judge Walter H. Neal* and a jury, at January (Special) Term, 1904, of the Superior Court of WASHINGTON County. From a judgment for the defendant the plaintiff appealed.

*Bragaw & Ward* and *W. M. Bond,* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

DOUGLAS, J. This is an action to recover damages for the alleged unlawful diversion of water. The plaintiff testified that the defendant cut a canal, whereby the waters of Pine Island branch, which previously thereto flowed into Kendrick's creek below his land, were turned into said creek

at a point above his land; that such diversion caused the water in the creek, which is his eastern boundary, to rise and overflow his land to such an extent as to destroy his crop; that he had lost his crop during the years 1901 and 1902, and that he had been damaged not less than three hundred dollars up to the time of bringing this action. · Another witness testified for the plaintiff in substantial corroboration. At the close of the plaintiff's testimony the defendant moved for judgment as of nonsuit under chapter 109, Laws 1897, as amended by chapter 131, Laws 1899. This motion was allowed, wherein we think there was error.

The plaintiff's testimony as to the illegal diversion and the resulting damage would, if believed by the jury, make out a *prima facie* case. The credibility of the testimony was a matter exclusively for the determination of the jury. It is well settled by a long line of decisions that upon a motion for nonsuit the evidence of the plaintiff must be taken as true and construed in the light most favorable to him, and when so considered, if there is more than a scintilla of evidence tending to prove the plaintiff's contention the question must be left to the jury, who alone can pass upon the weight of the testimony and the credibility of the witnesses. *Cox v. Railroad,* 123 N. C., 604; *Coley v. Railroad,* 129 N. C., 407, 57 L. R. A., 817; *Hopkins v. Railroad,* 131 N. C., 463; *Butts v. Railroad,* 133 N. C., 82, with the cases cited in those opinions.

In *Purnell v. Railroad,* 122 N. C., 832, *Justice Furches,* speaking for the Court, says, on page 836: "This motion is substantially a demurrer to the plaintiff's evidence. And this being so, and the Court having no right to pass upon the weight of the evidence, every fact that the plaintiff's evidence proved or tended to prove must be taken by the Court to be proved. It must be taken in the strongest light as against the defendant."

In *Printing Co. v. Raleigh,* 126 N. C., 516, *Faircloth, C. J.,* speaking for the Court, says: "The defendant's motion to dismiss the action was equivalent to a demurrer to the evidence, and the plaintiff's evidence will be considered as true and taken in the most favorable light to it." Citing *Gibbs v. Lyon,* 95 N. C., 146; *Springs v. Schenck,* 99 N. C., 551, 6 Am. St. Rep., 552. In *Snyder v. Newell,* 132 N. C., 614, *Connor, J.,* speaking for the Court, says: "The demurrer to the evidence admits the truth of the plaintiff's testimony, together with every reasonable inference to be drawn therefrom most favorable to the plaintiff."

In *Brittain v. Westhall,* 135 N. C., 492, *Walker, J.,* speaking for the Court, says: "It is well settled that on a motion to nonsuit or to dismiss under the statute, which is like a demurrer to the evidence, the Court is not permitted to pass upon the weight of the evidence, but the evidence must be accepted as true and construed in the light most favorable to the plaintiff, and every fact which it tends to prove must be taken as established, as the jury, if the case had been submitted to them, might have found those facts upon the testimony."

It is now well settled that neither a corporation nor an individual can divert water from its natural course so as to damage another. They may increase and accelerate, but not divert. *Hocutt v. Railroad,* 124 N. C., 214; *Mizell v. McGowan,* 125 N. C., 439; S. C., 129 N. C., 93, 85 Am. St. Rep., 705; *Lassiter v. Railroad,* 126 N. C., 509; *Mullen v. Canal Co.,* 130 N. C., 496, 61 L. R. A., 833; *Rice v. Railroad,* 130 N. C., 375. It appears from a map in the case that the new canal empties its waters into Kendrick's Creek at a right angle, which would have a natural tendency to cut out the opposite bank as well as to carry the water by its own momentum upon the plaintiff's land. In *Briscoe v. Young,* 131 N. C., 386, this Court has said, on page 388: "Water

may be diverted in two ways, which are somewhat different in their results and in the legal principles by which they are governed. The first, which has been more frequently before this Court, is where a ridge or natural water-shed has been cut through so as to change the entire direction of the waters beyond and bring them where nature never intended them to go. *Mullen v. Canal Co.,* 130 N. C., 496, and cases therein cited. The other form of diversion is where the current of the stream is changed without turning into it any waters that would not naturally have gone there. Where both the natural and the artificial channels are on the defendant's own land, we do not see how he would be liable. *Mizell v. McGowan,* 129 N. C., 93; 85 Am. St. Rep., 705. But where the natural channel is the boundary line between adjacent proprietors, different questions arise, some of which are not necessarily involved in this case. If, under the circumstances, the defendant cut the new channel into the old at a right angle, so that the water would be carried by its own momentum across the channel and onto the plaintiff's land, he would be liable for the resulting damage."

It cannot be said that there was no evidence tending to prove a fact to the existence of which the plaintiff had directly testified.

New Trial.