## BRITTAIN v. WESTALL.

### (Filed November 30, 1904).

1. AGENCY.

   If an agent is authorized to make a purchase, and no funds are advanced to him, he is by implication authorized to purchase on the credit of his principal.

2. AGENCY—*Contracts.*

   Where a contract between an agent and his principal provides that the agent can purchase lumber for cash, he cannot buy on credit.

3. AGENCY.

   Where an agent authorized to buy only for cash buys on credit, and the principal uses the lumber purchased, he is not liable therefor unless he knew how it was bought.

4. AGENCY—*Principal and agent.*

   It is only after a *prima facie* case of agency has been established that the acts and declarations of the agent become competent against his alleged principal.

ACTION by D. M. Brittain against W. H. Westall, heard by *Judge Thomas A. McNeill* and a jury, at July Term, 1904, of the Superior Court of CATAWBA County.   From a judgment for the plaintiff the defendant appealed.

*L. L. Witherspoon* and *M. H. Yount,* for the plaintiff.
*Self & Whitener,* for the defendant.

WALKER, J.   This case was before us at the last term upon
an appeal by the plaintiff from a judgment of nonsuit, which
the Court rendered on motion of the defendant at the close of
the testimony.   135 N. C., 492.   We then held there was
some evidence that Townsend was the agent of Westall to buy
the lumber for him, and although it was a restricted agency
and Townsend could only buy for cash, yet if Townsend
bought lumber from the plaintiff on Westall's credit and the
latter received and appropriated it to his own use, knowing
at the time it had been so bought, he would be liable for its
value.   In order that this phase of the case might be sub-
mitted to the jury, the judgment was set aside and a new
trial awarded.   A sufficient statement of the facts for an un-
derstanding of the point decided in this appeal will be found
in the case as formerly reported.   It may be added, though,
that there was evidence at the last trial that the defendant had
supplied Townsend with sufficient funds to buy the lumber.
In *Patton v. Brittain,* 32 N. C., 8, it appeared that an agent
was given authority to purchase personal property for his
principal, but only so far as he had cash of his principal with
which he was to pay for it.   The agent purchased on the
credit of the principal without paying any money and the
property was delivered to the principal, who received and con-
verted it to his own use.   The Court held that when the agent
violated his express instructions and bought on credit instead
of for cash, the principal had the right to repudiate the con-
tract and to refuse to receive the articles, but having received
and used them with knowledge that they had been purchased
for him and upon his credit, the vendor could recover from
him the price of the goods.   It was said that the same result
would follow. whether the agent acted contrary to his author-
ity, exceeded it or had none at all, it being the simple case of
the goods of one man coming to the use of another, which he
knows are not intended as a gift, but are sent to him upon

the expectation that he will receive and pay for them. A mere agency to purchase does not always and necessarily imply authority to pledge the credit of the principal, and when the agent is furnished with funds for the purpose of making purchases on his principal's account, he cannot bind the latter by a purchase on credit, unless, perhaps, such is the well-known custom of trade, or unless the principal, with notice of the facts, ratifies the transaction. This is substantially the principle which is involved in this case and it is sanctioned by the best authorities. See 1 Am. & Eng. Ency. of Law (2 Ed.), pp. 1020 and 1021, where the cases on the subject are collated. This Court has said that when the authority to buy or to sell is given in general terms, it is clear, in the absence of any restriction to the contrary, that the agent has the power to buy for cash or on credit as he may deem best, and to sell in the same way. *Ruffin v. Mebane,* 41 N. C., 507. It may be taken then as a settled principle in the law of agency that if express authority to buy on a credit is not given to an agent, but he is authorized to make the purchase and no funds are advanced to him to enable him to buy for cash, he is, by implication, clearly authorized to purchase on the credit of his principal, because when an agent is authorized to do an act for his principal all the means necessary for the accomplishment of the act are impliedly included in the authority, unless the agent be in some particular expressly restricted. *Sprague v. Gillett,* 50 Mass., 91. The case of *Komorowski v. Krumdick,* 56 Wis., 23, is much like ours. The Court there held that an agent to purchase property must, in order to bind his principal, who furnishes in advance the funds to make the purchase, buy for cash, unless he has express power to buy upon credit or unless the custom of the trade is to buy upon credit, and in the absence of such express authority or of such a custom the agent cannot bind his principal by a purchase, upon a credit, of a person who is ignorant of his real author-

ity as between himself and his principal, unless the property so bought is delivered to the latter and he receives it knowing that his agent actually bought on credit or that he had no funds in his hands at the time with which to buy the same. See also, *Jacques v. Todd,* 3 Wend., 83 ; *Willard v. Buckingham,* 36 Conn., 395 ; *Proctor v. Tows,* 115 Ill., 138 ; *Paine v. Tillinghast,* 52 Conn., 532 ; Mechem on Agency, sec. 364. While these principles seem not to have been seriously questioned by the defendant, he contended that Townsend was not his agent and that, even if he was, he had been supplied by him with more than sufficient cash with which to buy the lumber afterwards received by the defendant and that Townsend had no express authority to buy on credit. In order to present these questions and have the jury pass upon them, the defendant's counsel requested the Court to give certain instructions to the jury, and among others the following one, which was the subject of the defendant's second prayer: "The written contract introduced in evidence constituted Townsend the agent of Westall, with limited authority only. As such agent Townsend had authority to buy lumber for cash, with money furnished him by Westall, but he did not have authority under said written contract to buy lumber on Westall's credit." We do not see why defendant was not entitled to this instruction. On the face of the contract it appeared that Townsend was directed to buy only for cash, and this being so, he could not of course buy on credit contrary to the instruction of his principal. Whether the defendant subsequently ratified what he did and is therefore liable to the plaintiff, is quite another and different question.

The instruction requested in the defendant's sixth prayer was a proper one and should have been given. It was as follows: "Although the identical lumber in controversy came into possession of defendant and was appropriated by him, he would not be liable to plaintiff for its value unless he had

137——3

authorized Townsend to buy on his credit, or accepted and appropriated the lumber with notice of the fact that Townsend had bought it on his (defendant's) credit." The contract expressly required Townsend to buy for cash, and the only possible ground of defendant's liability is that he received and appropriated the lumber to his own use, knowing that his agent had bought it on his credit, or that he had not provided his agent with the cash to buy lumber, in which case the latter had implied authority to buy on credit, and that fact would also be some evidence of notice to defendant that his agent had so bought. 1 Am. & Eng. Ency. of Law, 1021, and notes.

The first and fourth prayers were properly refused, as none of them embraced all of the facts which it was necessary for the jury to find in order to defeat the plaintiff's recovery. They were not complete, but confined only to a single aspect of the case. The instruction asked to be given in the third prayer was not warranted by the state of the evidence. The fifth prayer was substantially given. Indeed the modification made by the Court was virtually but a repetition of the language in the first part of the prayer. The seventh prayer, which was modified and then given by the Court, might well have been refused, as it is subject to the same objection as that already stated to the first and fourth prayers. It restricted the right to recover to only one view of the case, when there were others which should have been considered by the jury. Like the first and fourth prayers, it was too narrow and therefore misleading. But the amendment of the Court wrought no material change in the instruction as it was asked to be given.

With reference to the objections to testimony, we may say generally that the declarations of an agent are not competent to prove the agency; it is only after a *prima facie* case of agency has once been established that the acts and declara-

tions of the agent can become competent against his alleged principal. *Francis v. Edwards,* 77 N. C., 271; *Gilbert v. James,* 86 N. C., 244; *Daniel v. Railroad,* 136 N. C., 517, at this term. When he is shown to be an agent, his acts and declarations in the course of his employment and within the scope of his agency and while he is engaged in the business (*dum ferret opus*) are competent, as in that case they are, as it were, the acts and declarations of the principal himself. What he says and does, even while engaged in transacting the business of the agency, is not competent to establish the agency, which is a preliminary fact to be shown before his acts and declarations can be admissible at all. We need not discuss the exceptions to the charge as they may not be presented again. There was error in the refusal to give the instructions contained in the second and sixth prayers of defendant, for which there must be another trial.

New Trial.