D. C. STRICKLAND et al. v. T. M. PERKINS & CO.

(Filed 25 September, 1907).

**Principal and Agent—Vendor and Vendee—Change of Agent—Contract—Question for Jury.**

When the plaintiff has bought for cash of the defendant, through his broker, certain goods for prompt delivery, of which only a part were actually delivered, and suit is brought for the balance, and the defense is, that, subsequent to the sale, the plaintiff made a separate arrangement with the broker, as his agent, for the delivery of the goods, the question raised is one of fact, and under conflicting evidence the verdict thereon will not be disturbed.

CIVIL ACTION, tried before *Cooke, J.,* and a jury, at October Term, 1906, of the Superior Court of FRANKLIN County.

From judgment for the plaintiffs defendants excepted and appealed.

*W. H. Yarborough, Jr.,* and *T. W. Bickett* for plaintiffs.
*W. H. Ruffin, F. S. Spruill* and *Armistead Jones & Son* for defendants.

WALKER, J.   The only question in this case, it seems to us, after a most careful examination of the record, is substantially and essentially one of fact.   The learned Judge who presided at the trial presented the questions at issue fairly to the jury, giving to each party the full benefit of every principle of law applicable to his contention upon the evidence. Let us see if this not true.   The defendants, who are pork packers, contracted to sell, by and through their agent and broker, W. B. Green, and to deliver to the plaintiffs 10,000 pounds of dried salt ribs, at the price of $8.20 per hundred pounds, and in the execution of this contract defendants actually delivered only 4,013 pounds, at or about the time of the purchase.   The plaintiffs paid, at the time of the purchase, the full price of the goods, which was $820, for the entire quantity agreed to be delivered, and brought this suit to recover the price of the salt ribs which were not delivered and for which they had paid.   The defendants allege, and there was evidence tending to show, that they delivered the lot of ribs of 10,000 pounds to their broker, W. B. Green, and that it was thereafter agreed between him and the plaintiffs that the ribs should be delivered to them at such times and in such quantities as called for, and for this purpose they were stored by the broker in the warehouse.   There was also evidence to the contrary, the plaintiffs contending and introducing evidence to show that the sale and delivery were to take effect as a completed transaction presently or at the time of the purchase, and that they never received the goods according to the stipulations of the contract, and in order to establish their contention they relied partly upon the testimony of the defendants' witnesses.   The Court was fair, at least to the defendants, in submitting the case to the jury, giving them the benefit of every conceivable ground upon which they could defeat the plaintiffs' claim or recovery upon the evidence, and presenting the case to the jury in its every phase.   It appears to us, upon a close scrutiny of the testimony, that even the

evidence introduced by the defendants was sufficient to sustain the verdict of the jury, as we have discovered some expressions which fell from their witnesses and which give countenance to the plaintiffs' theory. It is a familiar rule in an appellate court that, where there is any evidence to go to the jury, and no error in law appears in the conduct of the case, there is nothing to do but affirm the judgment below, so far as the application of the law to the case is concerned. We have not been able to see any departure from the principles applicable to cases of this kind, although we have diligently searched for the same, as counsel were earnest and zealous in arguing that error had been committed. The matter resolves itself into this: that the defendants have, upon the evidence, and with a charge which presented their contention to the jury in the most favorable aspect for them, failed to convince the triers of the fact that their view of the case was the correct one, and that is all.

There is no question of subsequent approval or ratification of an agent's acts in this case, and no serious question is presented as to the extent or limitation of the powers of a special agent within the rules laid down in *Brittain v. Westall,* 135 N. C., 496, and 137 N. C., 34, and *Biggs v. Insurance Co.,* 88 N. C., 143, which cases were cited by the defendants at the bar. Those cases and *Williams v. Whiting,* 92 N. C., 691, which was also relied on, have no application, as the jury were against the defendants upon the bald question of fact as to whether the sale of the ribs was made directly and immediately to the plaintiffs through the broker, or whether, after the defendants had sold them to the plaintiffs, there was a new agreement between the broker and themselves as to the delivery.

No good purpose would be served by examining the various objections to evidence in detail. When they are properly analyzed and considered with reference to the material matters at issue in the case and the main question involved, they

will be found to be clearly without merit. And, indeed, we think they are in themselves untenable, when viewed separate and apart from the real issue.

The case was ably and ingeniously argued by the counsel for the defendants, and they presented many plausible reasons for their contentions, but when the case is stripped of all superfluous matter it will be found that there is no real ground upon which they can succeed.

We affirm the judgment of the Court below.

No Error.