(296) The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE WALKER.
This action was brought to recover the possession of 10 acres of land lying on the south side of a certain black gum and ditch mentioned in some of the deeds. Both parties claimed title under James Rogers and wife, Emerliza Rogers. James Rogers purchased the entire tract of 60 acres by deed from M. D. Allsbrook, dated 13 December, 1892, in which the land is described as follows: "That tract of land formerly owned by Bennett Allsbrook, adjoining the lands of Kelley Edwards, Dick Joyner, Dr. W. T. Savage, James Rogers, and the Gray land, containing about 60 acres." James Rogers, on 18 February, 1901, conveyed by deed to Jesse Manning a tract of land by the following description: "That tract of land formerly owned by M. D. Allsbrook adjoining the lands of Kel. Edwards, Dick Joyner, Miniza White, and others, commencing at a black gum and ditch, containing 50 acres, more or less." Plaintiff contends that this deed conveys only a part of the original Bennett Allsbrook tract of land, while defendant insists that it conveys all of it, 50 acres of it and not the 10 acres north of the ditch. Jesse Manning, on 26 January, 1905, conveyed to A. P. Kitchin a tract of land with the following description: "That tract of land formerly owned by M. D. Allsbrook, conveyed to said Manning by James Rogers and wife by deed, in Book 149, page 593, in the register's office of said county, containing 50 acres, more or less, bounded on the north by Mrs. Emerliza Rogers, on the west by the land of the estate of Ben Lewis, on the south by the land of Olive White, and on the east by M. D. Joyner and A. P. Kitchin." The same contention is made in (297) regard to this tract as in the case of the one just mentioned. A. P. Kitchin conveyed to H. H. Moore, the defendant, a tract of land by the following description: "That tract of land known as the M. D. Allsbrook tract, containing 60 acres, more or less, which was conveyed to said A. P. Kitchin by Jesse Manning and wife, adjoining the first mentioned tract on the east, the lands of Allie White on the south, along a branch; the Gray land on the west, and the home place of the late James Rogers on the north." Said deed also contains the following warranty: "And the said parties of the first part covenant to and with the said Moore and his heirs and assigns that they are seized of said premises in fee, and that they have the right to convey the same, and that they will warrant and defend the title to same against all *Page 241 
lawful claims, except 10 acres on the north side second tract mentioned above, which is in dispute, but which is the property of the said A. P. Kitchin, but is claimed by one D. A. Madry." This deraigns the defendant's paper title. The plaintiff claims title under deeds from Emerliza Rogers and Dolly Cobb, containing the same description, and conveying the 10 acres which are in dispute. The title is out of the State and both parties claim from the same source. The question of difference between them is whether the defendant's deeds cover the 10-acre tract, and if they do, the plaintiff alleges, and attempted to show, that it was not intended to be embraced by the descriptive words of the deeds, but was included therein by mutual mistake of the parties and the inadvertence of the draftsman. It will not be necessary to consider the equity thus set up, as we are of the opinion that there was evidence that the defendant's deeds did not cover the locus in quo, and the judge therefore erred in dismissing the action, as upon a nonsuit, for the total lack of proof to sustain the plaintiff's first contention. The jury may find at the next trial that defendant's deeds do not embrace the 10 acres, and for this reason the deed may not require correction in the particular alleged. But if it should become necessary to pass upon the plaintiff's alleged equity, we think that evidence was rejected which, with that admitted, was sufficient for the consideration of the jury upon the question of mistake, though we do not intimate any opinion (298) upon the other question raised by the defendant as to plaintiff's right to assert that equity, it being alleged that he is a mere volunteer and that the consideration of the deed to him by Emerliza Rogers was champertous.
Passing to the other question, it must now be taken as settled that the testimony upon a nonsuit must be viewed most favorably for the plaintiff.Brittain v. Westhall, 135 N.C. 492; Deppe v. R. R., 152 N.C. 79. We stated the rule thus in Brittain v. Westhall, supra: "It is well settled that, on a motion to nonsuit or to dismiss under the statute, which is like a demurrer to evidence, the court is not permitted to pass upon the weight of the evidence, but the evidence must be accepted as true and construed in the light most favorable to the plaintiff, and every fact which it tends to prove must be taken as established, as the jury, if the case had been submitted to them, might have found those facts upon the testimony. Purnellv. R. R., 122 N.C. 832; Hopkins v. R. R., 131 N.C. 463," and as thus stated, the rule was expressly approved in Morton v. Lumber Co.,152 N.C. 54, and Deppe v. R. R., ibid. 79. With this rule kept in view, we proceed to consider the testimony with reference to the correctness of the judgment of nonsuit.
Without attempting to analyze the evidence minutely and to consider its strength and effect, which might prejudice one or the other of the *Page 242 
parties at the next trial, we content ourselves with stating generally that there was evidence upon the face of the several deeds, the difference in the number of acres conveyed, the change in the phraseology, from that employed to describe the land in the deeds from James Rogers to Jesse Manning, and from the latter to A. P. Kitchin, to that of the deed from the latter to H. H. Moore. In the two former deeds the land is described as "the tract formerly owned by Bennett Allsbrook" or "the tract formerly owned by M. D. Allsbrook," while in the latter deed the description is "the land known as the M. D. Allsbrook tract." A part of a tract of land might well be described as the land formerly owned by Bennett Allsbrook or M. D. Allsbrook, when he owned the entire tract, for he is as much the owner of a part as the whole; (299) but when the tract is described as the one known as the M. D. Allsbrook tract, it means a separate and distinct tract by that name, and not a part of a larger tract which had that designation, or at least the jury would be well warranted in considering the difference in description as some evidence of location. Again, the number of acres in the last of the deeds is increased by 10 over the acreage of the tract described in the earlier deeds. There was room here for the jury to inquire why, if the former description included the 10 acres, it was not sufficient to follow it even literally in the last deed. The deed from M. D. Allsbrook to James Rogers conveyed a tract "containing about 60 acres," the deeds from James Rogers to Jesse Manning and from Manning to A. P. Kitchin convey by the same description a tract "containing 50 acres more or less," or 10 acres less than the first deed, and the deed of Kitchin to defendant a tract "containing 60 acres, more or less," or 10 acres more than the other two deeds. There are other considerations that might be noted, which arise upon a careful reading of all the deeds under which the defendants claim. We also think that there was oral testimony bearing upon the question of location. There was evidence that after the deeds were executed to Manning and Kitchin, they took possession only of the land on the south side of the ditch, and Jesse Rogers, as long as he lived, and Mrs. Rogers, his widow, after his death, continued to occupy the land on the north side of the ditch, that is, the 10 acres in dispute. It also appeared, without objection, that Mrs. Rogers had called upon one of the parties to inquire why he claimed her land, and while he asserted his title to it, she was offered $50 for her claim, or a life estate in the land if she would pay for a part of the ditching. She also testified that the 10 acres are a part of the M. D. Allsbrook tract of land, and that she did not comply with the agreement to ditch the land, as she found when she read the paper that it required her to do all of the ditching for the entire farm, instead only of that on her side of the ditch, and it was not what she agreed *Page 243 
to do, and cost too much for her to pay. It must not be understood that we are intimating any opinion as to the force or weight of the evidence, but consider only the question whether there is any (300) evidence, leaving the weight of it entirely to the jury. Upon a review of all the testimony, our conclusion is that the case should have been submitted to the jury, with proper instructions from the court upon the question of location, that is, to determine whether or not the ditch is the dividing line.
New trial.