WILLIS ROBERTSON v. VIRGINIA ELECTRIC AND POWER
COMPANY ET AL.

(Filed 15 March, 1933.)

1. Master and Servant D b—

The modern tendency is to give the rule defining "course of employ-
ment" a liberal and practical application, especially where the business
of the master involves a duty to the public or to third persons.

2. Corporations G i—

A corporation is civilly liable for torts committed by its servants or
agents within the course of their employment precisely as a natural
person.

3. Master and Servant D b—Evidence that defendant's employees were
acting within scope of employment in setting out fire held sufficient.

The evidence tended to show· that defendant's employees were digging
holes for telephone poles along defendant's right of way, that they were
molested by yellow jackets, and in order to get rid of them, set fire
to a tree above their nest, that the fire was allowed to burn and spread
until a large part of plaintiff's woods were destroyed: Held, the evidence
was sufficient to be submitted to the jury on the issue of whether the
damage was caused by defendant's employees while acting within the
scope of their employment.

BROGDEN and ADAMS, JJ., dissent.

APPEAL by defendants from Cowper, Special Judge, at June Special
Term, 1932, of WASHINGTON.

Civil action to recover damages for an alleged negligent burning of
plaintiff's timber lands.

There is evidence tending to show that on 2 September, 1930, about
1:30 or 2:00 p.m., while servants of the defendants were engaged in
digging holes for telephone poles along a right of way near Plymouth,
N. C., they were molested by yellow jackets from a nest under an old
pine, a small one, and in an effort to get rid of the yellow jackets and
their stings, the tree was set on fire by one of the servants, and allowed
to burn until the fire spread from the right of way to plaintiff's woods,
causing considerable damage. The defendants' evidence is strongly and
directly opposite.

Verdict for the plaintiff on the issues of ownership and negligence,
and damages assessed at $1,000. From judgment thereon, the defendants
appeal, assigning as error the insufficiency of the evidence to carry the
case to the jury or to support the verdict.

E. L. Owens and Ward & Grimes for plaintiff.

T. Justin Moore, Zeb Vance Norman and Spruill & Spruill for
defendants.

STACY, C. J. Was the servant about the master's business and acting in the course of his employment when he set fire to the yellow jackets' nest in order to prosecute the work he was engaged to do? *Sawyer v. R. R.,* 142 N. C., 1, 54 S. E., 793.

"A servant is acting in the course of his employment, when he is engaged in that which he was employed to do, and is at the time about his master's business. He is not acting in the course of his employment, if he is engaged in some pursuit of his own. Not every deviation from the strict execution of his duty is such an interruption of the course of employment as to suspend the master's responsibility; but, if there is a total departure from the course of the master's business, the master is no longer answerable for the servant's conduct." Tiffany on Agency, p. 270.

While the formal statement of the rule is simple enough, its application under a variety of conditions is not always so easy. No hard and fast definition of the expression "course of employment," or "scope of authority," readily applicable to all cases, can be given, for rigidity of statement is opposed to liberality of application; and, if the right is to prevail in all cases, the former must bend to the latter. Otherwise substance would yield to form.

The modern tendency is to give the rule a liberal and practicable application, especially where the business of the master, entrusted to his servants, involves a duty owed by him to the public or to third persons. *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Martin v. Bus Co.,* 197 N. C., 720, 150 S. E., 501; *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852; *Jackson v. Tel. Co.,* 139 N. C., 347, 51 S. E., 1015.

In *McLaughlin v. Cloquet Tie & P. Co.,* 119 Minn., 454, 138 N. W., 434, 49 L. R. A. (N. S.), 544, the defendant entrusted to its employees the work of rafting lumber products down a stream and through the lands of the plaintiff. The work during its progress was interfered with by a stump in the stream at a point near the plaintiff's house. The foreman and a driver, another employee, waded into the stream and sawed out the obstruction, and in doing so, both got wet. The driver, upon reaching the shore, built a fire near the bank of the stream on plaintiff's land for the purpose of drying his clothes. He negligently failed to put out the fire, whereby the plaintiff sustained damages. The Court held that "the execution of the work entrusted by the defendant to its employees required them to pass over the plaintiff's land along the banks of the stream, and the defendant owed to the plaintiff the duty of exercising due care to prevent injury to the plaintiff's land in the course of the work assigned to its employees. The building of the fire by the driver to dry his clothes was not, as a matter of law, a departure from the course of his employment; for it was incidentally connected there-

with, and was made necessary by his going into the stream to remove the obstruction, which was a part of the work assigned to him."

We perceive no difference in principle between the case at bar and the *McLaughlin case.* See, also, *Baxter v. Great Northern R. Co.,* 75 N. W. (Minn.), 1114; Note, Ann. Cas., 1914A, 1102; 11 R. C. L., 942.

The case of *Marlowe v. Bland,* 154 N. C., 140, 69 S. E., 754, 47 L. R. A. (N. S.), 1116, strongly urged by the defendants in favor of their position, is distinguishable in that the fire there set out, to clear the land of corn stalks, was started by the employee after his assigned task of cutting and piling the corn stalks had been completed, while here the work was going on and the fire was started for the purpose of enabling the defendants' servants to do the work assigned to them. The case of *Excelsior Products Mfg. Co. v. Kansas City So. R. Co.,* 263 Mo., 142, 172 S. W., 359, Ann. Cas., 1917B, 1047, is likewise distinguishable.

The result of the modern cases is, that a corporation is liable *civiliter* for torts committed by its servants or agents precisely as a natural person. Though it may have no mind with which to plot a wrong or hands capable of doing an injury, yet it may employ the minds and hands of others. If the tort of the servant is committed in the course of doing the master's work, and for the purpose of accomplishing it, it is the act of the master, and he is responsible "whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner." *Levi v. Brooks,* 121 Mass., 501; *Denver, etc. Ry. v. Harris,* 122 U. S., 597.

When the servant is engaged in the work of the master, doing that which he is employed or directed to do, and an actionable wrong is done to another, either negligently or maliciously, the master is liable, not only for what the servant does, but also for the ways and means employed by him in performing the act in question. *Ange v. Woodmen,* 173 N. C., 33; Reinhard on Agency, sec. 335; *Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137; *May v. Tel. Co.,* 157 N. C., 416, 72 S. E., 1059; *Berry v. R. R.,* 155 N. C., 287, 71 S. E., 322; *Roberts v. R. R.,* 143 N. C., 176.

The motion for judgment as in case of nonsuit was properly overruled; and the prayer for a directed verdict was correctly denied. These are the only questions presented by the record.

No error.

ADAMS and BROGDEN, J.J., dissent.