SCHENCK, J., took no part in the consideration or decision of this case.
Civil action to recover damages for alleged negligent injury.
The facts are these: On Saturday evening, 11 June, 1932, Pearl M. Brank started with two children, each about five years of age, to see a ball game. They rode to the ball park on a street car. Upon alighting at the intersection of Southside and Biltmore avenues (Asheville), they passed in front of the street car in order to reach the left curb. An automobile was seen approaching the intersection at a high rate of speed, 30 to 45 miles per hour. They stopped in front of the street car and just left of the track to allow this automobile to pass. Miss Brank testified: I was holding the little boy with my right hand and the little girl with my left. We were all in a row. I said look there is a car coming. Elizabeth looked around, just turned her head like this, not her body, put out her head to see the car, when it hit her. It brushed my clothes across my knees and I jerked my head back to keep it from hitting my face.
The automobile that hit the plaintiff was owned and operated by Woodrow Mills. He was a Western Union messenger boy. He had on his uniform at the time. He was seen leaving the office of the defendant with some messages 25 or 30 minutes before the accident. Telegraph blanks were also in the car. He had been using his automobile in *Page 791 
delivering messages for a couple of months or longer. "It was generally locked back behind the office; sometimes out in the field. . . . He would get in it, go off delivering messages, and come back." Woodrow Mills testified: The little girl jerked loose from her aunt's hand and ran into my left fender. . . . I was hired as a bicycle messenger. . . . I usually use the car for going between home and work to keep from riding the bicycle. The reason I used it this particular day it had been raining and the street were pretty slick and I was tired, and I just decided to use my automobile instead of the bicycle. . . . I did not have any permission from any officer of the Western Union Telegraph Company to use the car on this occasion, and no one knew I used it but myself.
The manager of the Asheville office of the corporate defendant testified that he had no idea Woodrow Mills owned an automobile, or was using one to deliver messages.
The jury returned the following verdict:
"1. Was the plaintiff injured by the negligence of the defendant Woodrow Mills, as alleged in the complaint? A. `Yes.'
"2. Was the said Woodrow Mills at the time of such injury employed by the defendant Western Union Telegraph Company, and acting within the scope of his authority, as alleged in the complaint? A. `Yes.'
"3. What damage, if any, has the plaintiff sustained? A. `$5,000.'" Judgment on the verdict for plaintiff, from which the defendants appeal, assigning as error the refusal of the court to dismiss the action as in case of nonsuit.
The case is here on demurrer to the evidence, which amply supports the verdict. This is sufficient on motion to nonsuit. C. S., 567; Lincoln v. R.R., ante, 787; Brunswick County v. Trust Co., 206 N.C. 127,173 S.E. 327; Lumber Co. v. Power Co., 206 N.C. 515, 174 S.E. 427.
It is established by the second issue, under presumably correct instructions, as the charge is not in the record, that Woodrow Mills was acting within the scope of his authority as an employee of the corporate defendant when the injury occurred. It is likewise in evidence that the defendant knew, or should have known, that Mills was in the habit of using his automobile to deliver messages. This distinguishes the case from Hughesv. Tel. Co., 211 Iowa 1391, 236 N.W. 8, and Kennedy v. Union Charcoal Chem., Co., 156 Tenn. 666, 57 A.L.R., 733, cited and relied upon by appellants. *Page 792 
The defendant's evidence, which conflicts with that tending to support the plaintiff's claim, is not to be considered on demurrer or motion to nonsuit. Harrison v. R. R., 194 N.C. 656, 140 S.E. 598.
The case was properly submitted to the jury.
No error.
SCHENCK, J., took no part in the consideration or decision of this case.