GRACE W. LERTZ v. HUGHES BROTHERS, INCORPORATED, ET AL.

(Filed 18 September, 1935.)

1. **Master and Servant D b—Evidence held sufficient to be submitted to jury on issue of whether employee was acting in scope of his employment.**

The evidence, considered in the light most favorable to plaintiff upon defendant's motion as of nonsuit, tended to show that an employee of a filling station was given a ten dollar bill and instructed to get small change and get his supper, and in order to hurry back to relieve another employee, was instructed to use the car of a customer of the station, that the employee took a circuitous route and took women passengers into the car with him, but that at several places on the circuitous route he said

he was getting out to get change for his employer, and that at the time of his collision with the car in which plaintiff was riding, he was returning to the filling station for the purpose of delivering the change, which the uncontradicted evidence showed he had in his possession at the time of the accident. *Held:* There was more than a scintilla of evidence tending to show that the act complained of was within the scope of the employee's employment and in furtherance of the employer's business, and defendant employer's motion as of nonsuit on the issue was properly refused.

**2. Same—Rule of master's liability for acts of servant will be liberally construed.**

The modern tendency is to give the rule that holds a master liable for the acts of his servant when about his master's business a liberal and practical application, especially where the business of the master entrusted to the servant involves a duty owed by him to the public or third persons.

**3. Corporations K c—**

Where a corporation has been served with summons and has filed answer, the action against it does not abate upon its subsequent dissolution, C. S., 1199, and its directors are made trustees of its property by statute, C. S., 1193, 1194.

STACY, C. J., dissenting.

APPEAL by the defendant from *Frizzelle, J.,* at February Term, 1935, of NEW HANOVER. No error.

This was a civil action instituted by the plaintiff to recover damages for personal injuries alleged to have been caused by the negligence of one Joe Campbell, an employee of the defendant corporation, while acting within the scope of his employment. The issues submitted and the answers made thereto were as follows:

"1. Was Joe Campbell, at the time of the collision, acting within the scope of his employment, and in furtherance of his employer's business? Answer: Yes.

"2. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: Yes.

"3. What damage, if any, is the plaintiff entitled to recover? Answer: $2,500."

From a judgment upon the verdict, the defendant corporation appealed to the Supreme Court, assigning errors.

*Kellum & Humphrey and R. M. Kermon for plaintiff, appellee.*
*John D. Bellamy & Sons for defendant, appellant.*

SCHENCK, J. Upon the plaintiff's resting her case, and at the close of all the evidence, the defendant corporation moved to dismiss the action and for a judgment as of nonsuit, and contended that there was

not sufficient evidence upon which to submit the first issue to the jury, and upon this appeal, seeks to have the order denying this motion reversed.

The plaintiff's evidence is to the effect that the defendant corporation operated a filling station at the corner of Eleventh and Market streets in the City of Wilmington, where gasoline, oil, and other supplies were sold and cars were greased, washed, and otherwise serviced; and where one Mr. D. B. Hill, a traveling salesman, was in the habit of leaving his car over Sunday to be serviced, and that such car was left at such filling station for such purpose over Sunday, 23 February, 1930; and that at about twenty minutes of five o'clock in the afternoon of that day, Joe Campbell, a colored employee at said filling station, upon announcing his intention of going to get his supper in order to get back by five o'clock to relieve Roger Williams, a coemployee, was given by J. G. Farley, who was in charge of the filling station at that time, a ten dollar bill and a one dollar bill, and instructed to procure change therefor and to obtain as many as one hundred pennies; and that to enable Campbell to make the trip more quickly, Farley instructed him to take the car of Hill. That Campbell took the Hill car and went to his boarding place, seven blocks away, and then took a circuitous route of some three or four miles by the airport, and on Little Gordon Road drove the Hill car into the rear of the car of Mrs. Julia McLaurin, overturning it and causing serious injuries to the plaintiff, who was a passenger therein.

Since there was sufficient evidence of negligence on the part of Joe Campbell, and of serious injuries to the plaintiff proximately caused thereby, and since the jury have answered the second and third issues in favor of the plaintiff, the determinative question on this appeal is whether there was sufficient evidence to submit the first issue to the jury. The answer to this question depends upon whether there was sufficient evidence to be submitted to the jury that Campbell was acting within the scope of his employment and in furtherance of his employer's business at the time the injuries were inflicted. The contention of the defendant is that Campbell deviated from his original mission and was, therefore, not acting within the scope of his employment. The contention of the plaintiff is that Campbell, while he may have taken a circuitous route and may have taken passengers into the car while on such route, was still in pursuit of the original purposes he was sent to accomplish, namely, to get his supper and to obtain change, and to hurry back to relieve Roger Williams.

The evidence is conflicting and may have justified the answering of the first issue in the negative, but since there was more than a scintilla of evidence tending to show that the act complained of was within the

scope of the servant's employment, it was properly submitted to the jury. *Sawyer v. R. R.,* 142 N. C., 1.

"A servant is acting within the course of his employment when he is engaged in that which he was employed to do, and is at the time about his master's business. He is not acting in the course of his employment if he is engaged in some pursuit of his own. Not every deviation from the strict execution of his duty is such an interruption of the course of employment as to suspend the master's responsibility; but, if there is a total departure from the course of the master's business, the master is no longer answerable for the servant's conduct." Tiffany on Agency, p. 270. *Robertson v. Power Co.,* 204 N. C., 359.

Notwithstanding the fact that Campbell took a circuitous route, and notwithstanding the further fact that he took women passengers into the car with him to give them an "airing out," we do not think the evidence establishes, as a matter of law, that there was "a total departure from the course of the master's business." There is evidence tending to show that at more than two places on the circuitous route, Campbell said he was out getting change for his employer, and the uncontradicted evidence is that he had not as yet delivered the change at the filling station and still had it in his possession at the time of the collision, and there was evidence tending to show that at that time he was on his way to the filling station for the purpose of delivering the change.

Construing the evidence most favorably to the plaintiff, as we must do on a motion to nonsuit, we have substantially the following fact situation: Joe Campbell, a Negro employee of a filling station, whose duties required him to work about the station and at times to drive automobiles for his employer, leaves the filling station at twenty minutes of five o'clock for the purpose of getting supper, and is instructed by his employer to take a car which had been left in the custody of his employer, that he might get change and "hurry back" to relieve another employee, at five o'clock; and that while on the mission of getting supper and change and hurrying back, Campbell takes a circuitous route and picks up women passengers, and while driving with the passengers and the change back to the filling station, negligently runs the car furnished him by his employer, into the car in which the plaintiff was riding, thereby injuring her.

In view of the modern tendency to give to the rule that holds a master liable for the acts of his servant when about his master's business, a liberal and practicable application, especially where the business of the master entrusted to his servant involves a duty owed by him to the public or third persons, *Robertson v. Power Co., supra,* we are constrained to hold that there was evidence to support the finding of facts sufficient to

furnish a basis for the jury to infer that the automobile which Campbell was driving was, at the time of the collision, being operated in the scope of his employment and in the furtherance of his master's business. It follows that the plaintiff, by such a showing, made out a *prima facie* case, and it became the function of the jury to determine the weight and credibility of the evidence offered by the parties. *Jeffrey v. Mfg. Company,* 197 N. C., 724.

The defendant's contention that the action should have been dismissed for that Hughes Brothers, Incorporated, had been dissolved, and that suit could not, therefore, be entertained against it, is untenable. C. S., 1199, expressly provides that such action does not abate. The evidence in this case shows that the dissolution of the defendant corporation, if there has been a dissolution thereof, took place after the institution of this action and after said corporation had filed answer therein, and that the directors, who are made trustees of the corporation by the statute, had notice of the entering of the judgment, since they were made parties to the action. C. S., 1193 and 1194.

We have examined those exceptive assignments of error which relate to the admission and exclusion of evidence, and also those which assail the charge, and find no prejudicial or reversible error.

No error.

STACY, C. J., dissenting: Joe Campbell had twenty-five minutes to go seven city blocks in a southerly direction, eat his supper, get some change on the way, if he could, and return by 5 o'clock to relieve Roger Williams. His principal mission was to get his supper and "hurry back"; changing the bills was only incidental. The collision occurred an hour later, out in the country, four or five miles north of the filling station. In the meantime, Joe had taken two women on a "joy ride," going by the airport, two miles north of the City of Wilmington, and thence out into the country. He was drinking. To say that he was still in pursuit of change is "a little the 'rise of the fact," nowithstanding his statements, and makes Brobdingnagian that which is hardly Lilliputian. At any rate, Joe had greatly exceeded his instructions. He was not about his master's business at the time of plaintiff's injury. *Marlin v. Bus Line,* 197 N. C., 720, 150 S. E., 501; *VanLandingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126.