LOUIS BARROW, BY HIS NEXT FRIEND, JESSE BARROW, JR., v. RUFUS KEEL AND JAMES TAYLOR.

(Filed 13 April, 1938.)

1. **Trial § 22b—**

Upon motion to nonsuit, the evidence must be considered in its most favorable light for plaintiff.

2. **Trial § 24—**

If there is any competent evidence tending to prove the facts in issue, the evidence must be submitted to the jury.

3. **Automobiles § 24b—Evidence held sufficient for jury on question of whether driver was acting within scope of employment.**

In this action to recover for personal injuries inflicted by the negligent driving of an automobile, plaintiff offered evidence tending to show that the driver was regularly employed by defendants, that defendants were engaged in the tobacco warehouse business, and that they had sent the driver of the car to drum up business near a certain town, that the accident occurred on a direct route from defendant's place of business to the town designated, and that at the time the driver had checks for tobacco sold at defendants' warehouse payable to persons living in the vicinity of the town. *Held:* The evidence, considered in the light most favorable to plaintiff, is sufficient to be submitted to the jury on the question of whether the driver, at the time of the accident, was acting in the course of his employment and in furtherance of defendants' business.

4. **Master and Servant § 21a—**

A master is liable for injuries caused by the negligence of the servant while acting in the course of his employment and in furtherance of the master's business.

APPEAL by plaintiff from *Grady, J.,* at February Term, 1938, of CRAVEN. Reversed.

*W. B. R. Guion and D. L. Ward for plaintiff.*
*J. B. James for defendants.*

DEVIN, J. The plaintiff instituted his action for damages for a personal injury alleged to have been proximately caused by the negligence of the defendants in the operation of an automobile upon the highway.

At the close of the evidence the court below sustained motion for judgment of nonsuit and plaintiff appealed.

It is the accepted rule that upon a motion for judgment of nonsuit the evidence for the plaintiff must be considered in its most favorable light, and if there be any competent evidence tending to prove the facts in issue the case must be submitted to the jury.   *S. v. Adams, ante,* 243; *Anderson v. Amusement Co., ante,* 130.

It was not controverted that there was evidence tending to show that the plaintiff, a child, immediately after alighting from a school bus on the highway was struck and injured by an automobile negligently operated at the time, and that the driver of the automobile was one Hester Quinn, an employee of the defendants, but it was denied that the driver was at the time acting within the scope of his employment or engaged in work for or in furtherance of his employer's business, and defendants contend that in this respect plaintiff's evidence failed to support allegations of negligence on the part of these defendants.

The determinative question, therefore, presented by the appeal is whether there was any competent evidence to justify the application of the principle of *respondeat superior* so as to impose liability upon the defendants for the negligence of the driver of the automobile.   Upon this point the plaintiff offered evidence tending to show that the defendants were engaged in the leaf tobacco warehouse business in Greenville, North Carolina, and that Hester Quinn was regularly employed by them to do work in and about the warehouse, particularly in facilitating the unloading of tobacco and keeping the time of the laborers on the floor, and that he was so employed before and after the date of plaintiff's injury, which occurred 16 October, 1936.   It also appeared that Quinn lived near Newport, North Carolina, some seventy miles distant from Greenville.   A witness for plaintiff testified that on the day of plaintiff's injury "Mr. Keel told him (Quinn), and Mr. Taylor, too, to go down and get all the tobacco he could get around Newport, drum the tobacco up to Greenville for sale.   I remember the date during the fall of 1936 that my nephew (the plaintiff) was injured in an accident. He (Quinn) was at the warehouse at Keel's and Taylor's.   It was on Friday afternoon and I was working in the warehouse and a sale was going on, and I needed some help over on my side of the house where I was working to get some one to help me repack rejected tobacco, and I met Mr. Keel on the floor and I asked him had he seen Hester Quinn and he said no, he had (not) seen him, but that he had sent him on down to Newport to drum tobacco that afternoon.   At that time the sale was going on. Mr. Keel said he sent him down to drum tobacco, that he wanted as much tobacco as he could get during the next week."

There was also evidence from another witness that he had seen Quinn, during the tobacco season in fall of 1936, in and around Newport "working, drumming tobacco for Keel and Taylor." The plaintiff further offered evidence tending to show that the place where the plaintiff was struck and injured by the automobile driven by Quinn, near Vanceboro, North Carolina, was on the most direct route from Greenville to Newport. There was evidence that Quinn had with him a couple of checks drawn by Keel and Taylor, payable to persons living in the vicinity of Newport who had that week sold tobacco in defendants' warehouse. The custody of these checks, however, was claimed by Hester Quinn's wife, who was with him in the car at the time. It also appeared that the automobile was Quinn's.

Without expressing an opinion as to the weight or sufficiency of the evidence offered to establish the material facts in support of plaintiff's case, we reach the conclusion that the plaintiff has offered evidence sufficient to entitle him to have his case submitted to the jury, and that there was error in sustaining the motion for judgment of nonsuit.

Under the rule laid down in *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501, there was here some evidence that the driver of the offending automobile, Hester Quinn, was at the time of the injury engaged in executing the orders of his employers and in the furtherance of their business, and that the negligent acts complained of were committed by defendants' employee while he was about his employers' business and engaged in work for them.

"It is elementary that the master is responsible for the *tort* of his servant which results in injury to another when the servant is acting by authority or within the scope of his employment and about the master's business." *Parrish v. Mfg. Co.,* 211 N. C., 7; *Waller v. Hipp,* 208 N. C., 117, 179 S. E., 428; *Lertz v. Hughes Brothers, Inc.,* 208 N. C., 490, 181 S. E., 342; *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126; *Mason v. Texas Co.,* 206 N. C., 805, 175 S. E., 291; *Robertson v. Power Co.,* 204 N. C., 359, 168 S. E., 415; *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Lazarus v. Grocery Co.,* 201 N. C., 817, 161 S. E., 553; *Gallop v. Clark,* 188 N. C., 186, 124 S. E., 145.

Upon the evidence offered, the plaintiff was entitled to have his case submitted to the jury on the issues raised by the pleadings, under appropriate instructions from the court, and the judgment of nonsuit must be

Reversed.