PINNIX v. GRIFFIN.

MRS. HUGH PINNIX, Administratrix of the Estate of WILLIAM RIGHT-
SELL, Deceased, v. C. D. GRIFFIN and GATE CITY LIFE INSURANCE
COMPANY.

(Filed 8 January, 1941.)

1. **Automobiles § 24b—Evidence held for jury on the question of whether
   agent was acting in scope of employment at time of accident.**

   The evidence tended to show that defendant driver, who operated the
   car which struck plaintiff's intestate, inflicting fatal injury, was employed
   by defendant insurance company, upon salary, to sell industrial insurance
   and collect premiums, that his employment was full time, that about the
   middle of the afternoon of a working day he called at a house and in-
   quired for persons who had just moved there who might properly be
   considered prospects, that at that time he had his collection book in his
   hand, and that the accident in suit occurred a few minutes after he had
   gotten in his car and driven off, and while he was still in the particular
   territory assigned to him. *Held:* The evidence is sufficient to be sub-
   mitted to the jury upon the question of whether at the time of the acci-
   dent the agent was engaged in the duties of his employment, and defend-
   ant insurance company's motion to nonsuit on the issue of *respondeat
   superior* should have been denied.

2. **Master and Servant § 21b—**

   Where the fact of employment is admitted or established, the courts
   should be slow to assume that there has been any deviation from the
   course of employment upon any speculative hypotheses, and all doubt as
   to whether the employee was acting within the scope of his employment
   will be resolved in favor of liability.

3. **Principal and Agent §§ 7, 10a: Automobiles § 24b—**

   Plaintiff offered testimony of a witness that he heard defendant driver
   state to an officer at the scene of the accident that he (the driver) at the
   time of the accident was going to a certain locality to make collections.
   *Seawell, J.,* writing for the Court, is of the opinion that the fact of agency
   having been established by evidence *aliunde,* testimony of the declaration
   was competent to show that at the time the agent was engaged in the
   duties of his employment. *Stacy, C. J., Devin, Barnhill,* and *Winborne,
   JJ.,* are of the opinion that testimony of the declaration is incompetent.

4. **Appeal and Error § 40e—**

   Upon appeal from judgment as of nonsuit, competent evidence offered
   by plaintiff which was excluded in the court below will be considered in
   passing upon the sufficiency of the evidence.

5. **Automobiles § 24a—**

   The fact that the automobile involved in the collision is owned by the
   agent does not preclude liability on the part of the principal when it is
   made to appear that the agent customarily used the car in the discharge
   of his duties and that the principal knew, or in the exercise of due dili-
   gence should have known, of its use for such purpose by the agent.

   Devin, J., concurring in part.
   Barnhill, J., dissenting.
   Stacy, C. J., and Winborne, J., concur in dissent.

PINNIX *v.* GRIFFIN.

APPEAL by plaintiff from *Rousseau, J.,* at March Term, 1940, of GUILFORD. Reversed.

Action to recover for the alleged wrongful injury and death of plaintiff's intestate, through the negligence of defendants. Judgment as of nonsuit, as to Gate City Life Insurance Company, upon the evidence.

Under appropriate pleading, the evidence discloses that the defendant, Gate City Life Insurance Company, was engaged in the business of industrial insurance in the city of Greensboro, and the type of business done demanded frequent collections of insurance premiums in small amounts from workers in factories and industrial plants living in scattered areas throughout the city. Griffin was a whole-time employee of defendant, Gate City Life Insurance Company, upon salary, engaged in selling insurance and making these collections. While his particular assignment of territory was in West Greensboro, he was not confined to this area. The occurrence for which it is sought to hold the appellee liable, however, took place in this territory. The employee habitually used a Ford automobile, of which he was the owner, in prosecution of his employer's business, and had been doing so for some time, according to the testimony of Mrs. Fargas, E. C. Albert, and others. Malcombe Lee testified: "Mr. Griffin traveled by automobile in performing his duties."

On 18 January, 1939, between 3 and 3:30 o'clock p.m., Griffin called at the home of a Mrs. Rogers on Jackson Street, and asked for Mr. and Mrs. Otis Heath, who were described as "workers" who had recently moved in with the Rogers'. He had in his hand an insurance collection book. He was traveling in an automobile.

J. M. Holladay, Jr., testified that he "headed out" West Market Street about 3:30 p.m., and when he reached Westover Terrace (which is west of Jackson Street), he saw a commotion and found that an accident had occurred. An ambulance was coming up. This witness saw Griffin there and heard the statement he made to the officer. The statement was excluded in so far as it related to the defendant Insurance Company, appellee. Griffin, among other things, stated that he "was going out in Sunset Hills to make collections."

W. S. Gallamore, Jr., testified that he saw Griffin's car coming "very fast" up the road while Rightsell (the deceased) was in the middle of the street, watching the car—picked up pace—began to run or walk fast. When he had gotten 6 or 7 feet from the sidewalk he was struck by the car and thrown against the fender and radiator. The car continued until it hit the curb and got a hard jolt, throwing Rightsell 8 or 9 feet from the car. The car kept on, tore down some shrubbery and hit a concrete wall.

From this injury Rightsell died.

Other testimony as to negligence is that of Officer Leonard, who drove Griffin's car from the place of the collision and said the brakes were very bad.

This witness, also, would have testified, if permitted, that Griffin told him when he arrived at the scene of the accident that he was on his way to make collections.

*Shuping & Hampton for plaintiff, appellant.*
*R. M. Robinson for defendant, Gate City Life Insurance Company, appellee.*

SEAWELL, J. We think the evidence was sufficient to be submitted to the jury on the question of Griffin's negligence. That question does not seem to have been raised in the court below and needs no extended discussion here. But, regardless of Griffin's negligence, which one must assume the jury might have found, the appellee strenuously insists that there is nothing in the evidence that would impute such negligence to it, on the doctrine *respondeat superior*. It is argued that the evidence fails to show that Griffin, its employee, was about his employer's business at the time of the alleged negligent conduct, and that the employer, at any rate, should not be held liable for his acts in the use of his own automobile.

Griffin, a whole-time employee, on salary, appeared at the Rogers home on Jackson Street a few minutes before the accident, with an insurance collection book in his hand, calling for certain workers who had recently moved in. It was in the middle of the afternoon of what is ordinarily termed a working day. A reasonable inference from this is that he was, at the time, engaged in the duties of his employment. That inference could not be defeated in the few minutes it took Griffin to reach Westover Terrace, still within his collection territory, and run into the deceased.

In *Barrow v. Keel,* 213 N. C., 373, 196 S. E., 366, the point at issue was whether Quinn, an employee of Keel, was at the time of an alleged negligent injury "about his master's business." The fact that Quinn had on his person some checks "payable to persons in the vicinity of Newport," who had sold tobacco in defendant's warehouse the week before, was considered, amongst other things, evidence on that point for the jury. Griffin was found with an insurance collection book in his hands, in the territory where it was his duty to be, on a contract which called for his whole time.

Where the actual employment is admitted, courts should be slow to assume that there has been any deviation from the course of employment upon speculative hypothesis. In *Cole v. R. R.,* 211 N. C., 591, 597,

191 S. E., 353, it is aptly said: "Moreover, it is well settled, as stated in 39 C. J., 1284, and quoted with approval in *Colvin v. Lumber Co.,* 198 N. C., 776, that 'where it is doubtful whether a servant was acting within the scope of his authority, it has been said that the doubt will be resolved against the master because he set the servant in motion, at least to the extent of requiring the question to be submitted to the jury.'" *Long v. Eagle Store Co.,* 214 N. C., 146, 151, 198 S. E., 573; *Robinson v. McAlhaney,* 214 N. C., 180, 183, 198 S. E., 647; *Daniel v. Packing Co.,* 215 N. C., 762, 765, 3 S. E. (2d), 282. We regard the evidence as sufficient to carry the case to the jury on the point considered.

Hitherto, we have not discussed the excluded statement of Griffin at the scene of the wreck that he was going into Sunset Hills to make collections. It was clearly competent, for the purpose offered, under *Smith v. Miller,* 209 N. C., 170, 173, 183 S. E., 370:

"The defendant objected to testimony offered by the plaintiff tending to show that immediately after the plaintiff was injured, Paul Miller said that at the time he struck and injured the plaintiff with defendant's automobile, he was going after defendant's morning newspaper.

"This objection was overruled, and properly so. The testimony was not offered as evidence tending to show that Paul Miller was an employee or agent of the defendant Jerry Swaim. The admission to that effect in the answer of the defendant had been offered in evidence by the plaintiff. There was ample evidence tending to show that Paul Miller habitually drove the automobile owned by the defendant Jerry Swaim as his employee. Therefore, *Brown v. Wood,* 201 N. C., 309, 160 S. E., 281, has no application to the instant case. The testimony was offered as evidence tending to show that at the time the plaintiff was injured by the negligence of Paul Miller, the said Paul Miller was acting within the scope of his employment by the defendant Jerry Swaim. It was competent and properly admitted for that purpose. There was no error in the ruling of the judge of the Superior Court to that effect. See *Brittain v. Westall,* 137 N. C., 30, 49 S. E., 54."

It is proper to consider this testimony on a successful motion to nonsuit. The trial court, however well intentioned, will not be permitted to trim down plaintiff's case by the exclusion of competent evidence and throw it out of court for the lack of it.

May the negligence of a servant in the use of his own car in the master's business render the latter liable for an injury when such use is habitual and known to the master, or could, by reasonable diligence, have been known to the master? From the wide field of encyclopedic law many decisions may be cited *pro* and *con* on this subject, and some of the opinions cited in the briefs in the instant case maintain the position taken by the respective courts with commendable vigor. But it is no

longer an open question in this State. For well considered reasons, no doubt, this Court has adopted the view that the employer is liable where the employee causes an injury by the negligent operation of his own car, used in the prosecution of the employer's business, when the latter knew, or should have known, that he was so using it.

In *Davidson v. Telegraph Co.*, 207 N. C., 790, 178 S. E., 603, a messenger boy, employed by defendant, used his own car in delivering a message, and injured a pedestrian through his negligence. A verdict against the employer was sustained, upon demurrer, *Chief Justice Stacy*, in a terse opinion, saying for a unanimous Court: "It is likewise in evidence that the defendant knew, or should have known, that Mills was in the habit of using his automobile to deliver messages." *Miller v. Wood*, 210 N. C., 520, 187 S. E., 765; *Barrow v. Keel, supra*.

From some of the jurisdictions holding this view we cite: *Cotton Mills v. Byrd*, 38 Ga. App., 241, 143 S. E., 610; *Tel. Co. v. Michael*, 120 Fla., 511, 163 So., 86; *Tucker v. Home Stores*, 91 S. W. (2d), 1153; *Marchand v. Russell*, 257 Mich., 96, 241 N. W., 209.

We think the evidence as to the liability of the defendant Insurance Company should be submitted to the jury, under appropriate instructions.

The judgment of nonsuit is
Reversed.

DEVIN, J., concurring: I concur in the majority opinion that the evidence was sufficient to carry the case to the jury, but I do not agree that the testimony of the witness Holladay, as to a statement made by defendant Griffin after the accident, should be held competent against defendant Insurance Company, under the circumstances of this case.

BARNHILL, J., dissenting: Agency having been established either by proof or by admission, the declaration of the agent made in the course of his employment and within the scope of his agency and while he is engaged in the business (*dum fervet opus*) are competent as, in that case, they are, as it were, the declarations of the principal himself. *Brittain v. Westall*, 137 N. C., 30, and cases cited; *Hunsucker v. Corbitt*, 187 N. C., 496, 122 S. E., 378.

To be competent the statement must be made while the agent is engaged in transacting some authorized business and must be so connected with it as to constitute a part of the *res gestæ*. It must be a part of the business on hand or the pending transaction, as regards which for certain purposes the law identifies the principal and the agent. *Queen v. Ins. Co.*, 177 N. C., 34, 97 S. E., 741; or it must be the extempore utterance of the mind under circumstances and at a time when there

has been no sufficient opportunity to plan false or misleading statements—such statement as exhibits the mind's impression of immediate events and is not narrative of past happenings. Tiffany on Agency, p. 252; *Queen v. Ins. Co., supra; Hubbard v. R. R.*, 203 N. C., 675, 166 S. E., 802, and cases cited.

Statements of an agent that are nothing more than a narrative of a past occurrence, *Northwestern Union Packet Co. v. Clough*, 22 L. Ed., 406; and which do not characterize or qualify an act presently done within the scope of the agency, *Nance v. R. R.*, 189 N. C., 638, 127 S. E., 625, are, as against the principal, nothing more than hearsay and are incompetent. *Brown v. Montgomery Ward & Co.*, 217 N. C., 368, 8 S. E. (2d), 199, and cases cited. See also Anno., 76 A. L. R., 1125; 20 Am. Jur., 510, sec. 599; *Winchester & P. Mfg. Co. v. Creary*, 116 U. S., 161, 29 L. Ed., 591.

A driver's statement to a policeman, made before the person injured by his truck was taken away, that he was working for the defendant, *Renfro v. Central Coal & Coke Co.*, 19 S. W. (2d), 766, or a chauffeur's declaration that he was on a mission for his employer, is incompetent for "the act done cannot be qualified or explained by the servant's declaration, which amounts to no more than a mere narrative of a past occurrence." *Frank v. Wright*, 140 Tenn., 535, 205 S. W., 434. Likewise, a remark made by an automobile driver, immediately after returning to the place where he ran the car into a wagon and horses, that he was working for the defendant is hearsay and inadmissible for any purpose. *Beville v. Taylor*, 202 Ala., 305, 80 So., 370; see also *Sakolof v. Donn*, 194 N. Y. Supp., 580; *Lang Floral & Nursery Co. v. Sheridan*, 245 S. W., 467 (Tex.); and *Moore v. Rosenmond*, 238 N. Y., 356, 144 N. E., 639, which are to the same effect.

That such declarations are hearsay and inadmissible in evidence is sustained not only by the text writers and decisions of other courts but by many decisions of this Court in addition to those heretofore cited. *Cole v. Funeral Home*, 207 N. C., 271, 176 S. E., 553; *Smith v. R. R.*, 68 N. C., 107; *Rumbough v. Improvement Co.*, 112 N. C., 751; *Gazzam v. Ins. Co.*, 155 N. C., 330, 71 S. E., 434; *Hubbard v. R. R., supra; Parrish v. Mfg. Co.*, 211 N. C., 7, 188 S. E., 17, and cases cited.

*Brittain v. Westall, supra*, cited in the majority opinion, is likewise in point and sustains this position rather than the position there assumed.

It follows that the testimony as to declarations made by the defendant Griffin was incompetent and inadmissible as against the defendant Insurance Company. These declarations were made some time after the occurrence and after police had arrived at the scene and after the removal of the deceased. They clearly come under the hearsay rule.

To sustain the conclusion that these declarations were admissible the

majority opinion cites *Smith v. Miller,* 209 N. C., 170, 183 S. E., 370.
The opinion in this case is out of line with other decisions of this Court
on this question. Even so, it is distinguishable. There the agent was
driving the automobile of the principal, which automobile he habitually
drove. Here the automobile belonged to the agent and not to the prin-
cipal. Furthermore, it appears that the statement of the agent, which
was held to be competent, was made "immediately after the plaintiff was
injured."

The only other evidence offered by the plaintiff tends to show that
Griffin was regularly employed by defendant Insurance Company to
make collections, that he was within the territory assigned to him, that
he had in his possession shortly before the accident an insurance collec-
tion book, that the accident occurred during working hours, and that he
was driving his own automobile which he frequently used in making
collections.

This evidence is insufficient to be submitted to a jury. It fails to
show that the relation of master and servant existed between Griffin and
the defendant *at the time of and in respect to* the very transaction out of
which the injury arose—a fatal defect in plaintiff's case. *Robinson v.
Sears, Roebuck & Co.,* 216 N. C., 322, 4 S. E. (2d), 889; *Jeffrey v. Mfg.
Co.,* 197 N. C., 724, 150 S. E., 503; *Cole v. Funeral Home, supra; Van
Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126.

There is no evidence that the defendant had any interest in or control
over the automobile which belonged to and was being operated by Griffin.
Neither is there testimony tending to show that defendant retained any
right to say how he should travel in performing the duties of his employ-
ment. While he was regularly employed and 'the accident occurred
during the day, there is no evidence tending to show that he was required
to devote all of his time to his work or that he was not at liberty to
regulate his own conduct and activities as best suited his own convenience
and desires. There was no proof that defendant knew Griffin was using
his automobile in covering the territory assigned to him other than such
notice as may be implied from the testimony of three witnesses. Mrs.
Fargas testified that he came to her house weekly "in a little Ford
roadster." Mrs. Albert testified that he came weekly "each time in an
automobile," and Malcombe Lee testified that "Mr. Griffin traveled by
automobile in performing his duties." So the questions arise: Was it
the same automobile Griffin used in the performance of his duties?
Where was he going? What was his mission—was it personal or did it
relate to defendant's business? The record fails to answer.

That he was at the time in the general employment and pay of defend-
ant does not necessarily make the latter chargeable. *Robinson v. Sears,
Roebuck & Co., supra; Wyllie v. Palmer,* 137 N. Y., 248; *Bright v.*

*Telegraph Co.,* 213 N. C., 208, 195 S. E., 391; *Liverman v. Cline,* 212 N. C., 43, 192 S. E., 849; *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096; *Van Landingham v. Sewing Machine Co., supra.* Nor does the fact that he had an insurance collection book in his possession shortly before the accident, *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820; *Van Landingham v. Sewing Machine Co., supra,* or that he was at his place of employment during working hours, *Robinson v. Sears, Roebuck & Co., supra,* render the evidence sufficient to be submitted to a jury.

The case of *Barrow v. Keel,* 213 N. C., 373, 196 S. E., 366, is easily distinguishable. It is true that in that case there was evidence that the agent at the time of the occurrence had on his person some checks "payable to persons in the vicinity of New Port," who had sold tobacco in the defendant's warehouse the week before. However, this evidence alone was not held to be sufficient. It was admitted only as an incidental circumstance. Two witnesses testified in that case that they had heard the master say he had sent the agent on the very trip during which the accident occurred.

It is my view that the judgment of nonsuit should be sustained.

STACY, C. J., and WINBORNE, J., concur in dissent.