DEVIN, J., concurring in part.
BARNHILL, J., dissenting.
STACY, C. J., and WINBORNE, J., concur in dissent. *Page 36 
Action to recover for the alleged wrongful injury and death of plaintiff's intestate, through the negligence of defendants. Judgment as of nonsuit, as to Gate City Life Insurance Company, upon the evidence.
Under appropriate pleading, the evidence discloses that the defendant, Gate City Life Insurance Company, was engaged in the business of industrial insurance in the city of Greensboro, and the type of business done demanded frequent collections of insurance premiums in small amounts from workers in factories and industrial plants living in scattered areas throughout the city. Griffin was a whole-time employee of defendant, Gate City Life Insurance Company, upon salary, engaged in selling insurance and making these collections. While his particular assignment of territory was in West Greensboro, he was not confined to this area. The occurrence for which it is sought to hold the appellee liable, however, took place in this territory. The employee habitually used a Ford automobile, of which he was the owner, in prosecution of his employer's business, and had been doing so for some time, according to the testimony of Mrs. Fargas, E. C. Albert, and others. Malcombe Lee testified: "Mr. Griffin traveled by automobile in performing his duties."
On 18 January, 1939, between 3 and 3:30 o'clock p.m., Griffin called at the home of a Mrs. Rogers on Jackson Street, and asked for Mr. and Mrs. Otis Heath, who were described as "workers" who had recently moved in with the Rogers'. He had in his hand an insurance collection book. He was traveling in an automobile.
J. M. Holladay, Jr., testified that he "headed out" West Market Street about 3:30 p.m., and when he reached Westover Terrace (which is west of Jackson Street), he saw a commotion and found that an accident had occurred. An ambulance was coming up. This witness saw Griffin there and heard the statement he made to the officer. The statement was excluded in so far as it related to the defendant Insurance Company, appellee. Griffin, among other things, stated that he "was going out in Sunset Hills to make collections."
W. S. Gallamore, Jr., testified that he saw Griffin's car coming "very fast" up the road while Rightsell (the deceased) was in the middle of the street, watching the car — picked up pace — began to run or walk fast. When he had gotten 6 or 7 feet from the sidewalk he was struck by the car and thrown against the fender and radiator. The car continued until it hit the curb and got a hard jolt, throwing Rightsell 8 or 9 feet from the car. The car kept on, tore down some shrubbery and hit a concrete wall.
From this injury Rightsell died. *Page 37 
Other testimony as to negligence is that of Officer Leonard, who drove Griffin's car from the place of the collision and said the brakes were very bad.
This witness, also, would have testified, if permitted, that Griffin told him when he arrived at the scene of the accident that he was on his way to make collections.
We think the evidence was sufficient to be submitted to the jury on the question of Griffin's negligence. That question does not seem to have been raised in the court below and needs no extended discussion here. But, regardless of Griffin's negligence, which one must assume the jury might have found, the appellee strenuously insists that there is nothing in the evidence that would impute such negligence to it, on the doctrinerespondeat superior. It is argued that the evidence fails to show that Griffin, its employee, was about his employer's business at the time of the alleged negligent conduct, and that the employer, at any rate, should not be held liable for his acts in the use of his own automobile.
Griffin, a whole-time employee, on salary, appeared at the Rogers home on Jackson Street a few minutes before the accident, with an insurance collection book in his hand, calling for certain workers who had recently moved in. It was in the middle of the afternoon of what is ordinarily termed a working day. A reasonable inference from this is that he was, at the time, engaged in the duties of his employment. That inference could not be defeated in the few minutes it took Griffin to reach Westover Terrace, still within his collection territory, and run into the deceased.
In Barrow v. Keel, 213 N.C. 373, 196 S.E. 366, the point at issue was whether Quinn, an employee of Keel, was at the time of an alleged negligent injury "about his master's business." The fact that Quinn had on his person some checks "payable to persons in the vicinity of Newport," who had sold tobacco in defendant's warehouse the week before, was considered, amongst other things, evidence on that point for the jury. Griffin was found with an insurance collection book in his hands, in the territory where it was his duty to be, on a contract which called for his whole time.
Where the actual employment is admitted, courts should be slow to assume that there has been any deviation from the course of employment upon speculative hypothesis. In Cole v. R. R., 211 N.C. 591, 597, *Page 38 191 S.E. 353, it is aptly said: "Moreover, it is well settled, as stated in 39 C. J., 1284, and quoted with approval in Colvin v. Lumber Co.,198 N.C. 776, that `where it is doubtful whether a servant was acting within the scope of his authority, it has been said that the doubt will be resolved against the master because he set the servant in motion, at least to the extent of requiring the question to be submitted to the jury.'" Longv. Eagle Store Co., 214 N.C. 146, 151, 198 S.E. 573; Robinson v.McAlhaney, 214 N.C. 180, 183, 198 S.E. 647; Daniel v. Packing Co.,215 N.C. 762, 765, 3 S.E.2d 282. We regard the evidence as sufficient to carry the case to the jury on the point considered.
Hitherto, we have not discussed the excluded statement of Griffin at the scene of the wreck that he was going into Sunset Hills to make collections. It was clearly competent, for the purpose offered, under Smith v. Miller,209 N.C. 170, 173, 183 S.E. 370:
"The defendant objected to testimony offered by the plaintiff tending to show that immediately after the plaintiff was injured, Paul Miller said that at the time he struck and injured the plaintiff with defendant's automobile, he was going after defendant's morning newspaper.
"This objection was overruled, and properly so. The testimony was not offered as evidence tending to show that Paul Miller was an employee or agent of the defendant Jerry Swaim. The admission to that effect in the answer of the defendant had been offered in evidence by the plaintiff. There was ample evidence tending to show that Paul Miller habitually drove the automobile owned by the defendant Jerry Swaim as his employee. Therefore, Brown v. Wood, 201 N.C. 309, 160 S.E. 281, has no application to the instant case. The testimony was offered as evidence tending to show that at the time the plaintiff was injured by the negligence of Paul Miller, the said Paul Miller was acting within the scope of his employment by the defendant Jerry Swaim. It was competent and properly admitted for that purpose. There was no error in the ruling of the judge of the Superior Court to that effect. See Brittain v. Westall,137 N.C. 30, 49 S.E. 54."
It is proper to consider this testimony on a successful motion to nonsuit. The trial court, however well intentioned, will not be permitted to trim down plaintiff's case by the exclusion of competent evidence and throw it out of court for the lack of it.
May the negligence of a servant in the use of his own car in the master's business render the latter liable for an injury when such use is habitual and known to the master, or could, by reasonable diligence, have been known to the master? From the wide field of encyclopedic law many decisions may be cited pro and con on this subject, and some of the opinions cited in the briefs in the instant case maintain the position taken by the respective courts with commendable vigor. But it is no *Page 39 
longer an open question in this State. For well considered reasons, no doubt, this Court has adopted the view that the employer is liable where the employee causes an injury by the negligent operation of his own car, used in the prosecution of the employer's business, when the latter knew, or should have known, that he was so using it.
In Davidson v. Telegraph Co., 207 N.C. 790, 178 S.E. 603, a messenger boy, employed by defendant, used his own car in delivering a message, and injured a pedestrian through his negligence. A verdict against the employer was sustained, upon demurrer, Chief Justice Stacy, in a terse opinion, saying for a unanimous Court: "It is likewise in evidence that the defendant knew, or should have known, that Mills was in the habit of using his automobile to deliver messages." Miller v. Wood, 210 N.C. 520,187 S.E. 765; Barrow v. Keel, supra.
From some of the jurisdictions holding this view we cite: Cotton Millsv. Byrd, 38 Ga. App. 241, 143 S.E. 610; Tel. Co. v. Michael, 120 Fla. 511,163 So. 86; Tucker v. Home Stores, 91 S.W.2d 1153; Marchand v.Russell, 257 Mich. 96, 241 N.W. 209.
We think the evidence as to the liability of the defendant Insurance Company should be submitted to the jury, under appropriate instructions.
The judgment of nonsuit is
Reversed.