742 F.2d 834
 James E. EVINGTON and Joyce T. Evington, Appellants,
v.
Harry Lee FORBES, III, Defendant,
v.
ST. LUKE'S HOSPITAL, INC., individually, and St. Luke's
Hospital, Inc., d/b/a Emergency Medical Services, Appellees.
 No. 83-1281.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1984.
Decided Sept. 12, 1984.
 
 Harry DuMont, Asheville, N.C. (J. Bruce Foster, Stanley T. Case, Butler, Means, Evins & Browne, Spartanburg, S.C., on brief), for appellants.
 James N. Golding (Morris, Golding & Phillips, Asheville, N.C., on brief), for appellees.
 Before WINTER, Chief Judge, WIDENER, Circuit Judge, and PECK, Senior Circuit Judge.*
 WIDENER, Circuit Judge:
 
 
 1
 This is an appeal from a grant of judgment for the defendant, St. Luke's Hospital, notwithstanding a verdict for the plaintiff in the district court. The Hospital was the employer of the other defendant, Harry Lee Forbes, III, who is not involved in this appeal. The jury, by special verdict, found that Forbes was acting as an agent of the defendant at the time of the accident for which he was found liable, thus subjecting the Hospital to liability by virtue of respondeat superior. Although the district court did not disturb the separate findings on Forbes' negligence and the amount of damages, it set aside the jury verdict on Forbes' status at the time of the accident. We remand with instructions to enter judgment for the plaintiffs against the Hospital.
 
 
 2
 In October 1979, Harry Lee Forbes was involved in an accident with an automobile operated by plaintiff James Evington. Forbes was at that time operating his own automobile, and was on his way to the Hospital to work. The uncontradicted evidence in the court below showed that Forbes was an employee of St. Luke's Hospital, whose duties as an emergency medical technician included operation of an ambulance and emergency room work. His normal shift on the day of the accident was to begin at 3:00 p.m.
 
 
 3
 On the day of the accident, however, Forbes was on "call-back" status. This entailed wearing a beeper and staying within the beeper's range (5 to 20 miles depending on the terrain). When the beeper sounded, he was required to return to the hospital. For the time each week spent on "call-back" status, Forbes received a fixed sum in payment (though not regular wages). He also received overtime for additional hours actually worked outside of his regular shift.
 
 
 4
 On the day of the accident, Forbes' beeper went off shortly after lunch. Normally, someone on call-back has 30 minutes to report to the Hospital. When Forbes called the Hospital to ask how urgent the call was, he was told by the switchboard operator to "get your butt here and don't ask any questions." Forbes then put on his uniform and proceeded directly toward the Hospital in his car. At approximately 1:30 p.m., the accident with Evington took place. Forbes was not injured and gave emergency treatment to Evington immediately.
 
 
 5
 The Hospital introduced evidence that it was not its practice to pay for travel time for persons called in to work from "call-back" status. However, Forbes' time card for the day in question showed that his starting time was minutes before the accident, and that he was paid time and a half from that time until his regular shift began.
 
 
 6
 In the district court, the jury brought back a verdict in favor of the Evingtons, to Mr. Evington for personal injuries and to Mrs. Evington for loss of consortium and conjugal rights.
 
 
 7
 In the special verdict which was submitted, the jury also found that Forbes was the agent of the Hospital at the time of the collision. However, the district court granted a motion for judgment notwithstanding the verdict because it found Forbes' not to have been acting within the scope of his employment as an agent of the Hospital at the time of the accident, from which the Evingtons have taken this appeal.
 
 
 8
 The sole issue to be resolved is whether, under North Carolina law, Forbes was acting within the scope of his employment at the time of the accident. The jury clearly concluded that this was the case, and we find no basis for the district court's rejection of this conclusion.
 
 
 9
 The question to be answered in deciding whether or not to grant a motion for judgment NOV is whether, taking all evidence in the light most favorable to the opponent to the motion, is there any substantial evidence to support the jury's verdict. If there is any such evidence, the motion should be denied. Wyatt v. Interstate and Ocean Transport Co., 623 F.2d 888 (4th Cir.1980).
 
 
 10
 Here, as noted previously, there was evidence that Forbes was on a special "call-back" status, which required him to be available to report to the Hospital outside his normal work hours. He was paid for the time spent on "call-back" status and remained at the disposal of the Hospital, which limited his outside activities. Forbes used his own automobile, his usual transportation, to respond to his employer's orders. He was being paid time and a half by the Hospital at the time of the accident. Although the facts suggest that urgency may have attached to the particular call to duty that Forbes received, he was in any case responding to such a call at the time of his collision with Evington. We find these facts sufficient to support the verdict under North Carolina law.
 
 
 11
 In North Carolina, as in most jurisdictions, the general rule is that travel to and from work is not within the scope of one's employment. E.g., McLamb v. Beasley, 218 N.C. 308, 11 S.E.2d 283, 285 (1940). Thus, under the general rule, the facts of this case might not seem to support a finding of an agency relationship between Forbes and the Hospital at the time of the accident. However, the general rule is subject to exceptions.
 
 
 12
 The scope of employment normally incorporates those specific duties the employer has delegated to the employee. The general rule on travel is often modified when the employment itself involves travel. Thus, accidents in the course of regular duties or on a prescribed errand for the employer, although they may be on the way to or from work, are within the scope of employment. Massey v. Board of Education of Mecklenburg County, 204 N.C. 193, 167 S.E. 695, 697-8 (1933) (a workmen's compensation case). The use of the employee's own car is a fact to be considered in deciding whether a particular act was in furtherance of or incident to the business of the employer, but is not dispositive of the question. Pinnix v. Griffin, 219 N.C. 35, 12 S.E.2d 667, 668-9 (1941). The presence or lack of reimbursement is also not dispositive. Little v. Poole, 11 N.C.App. 597, 182 S.E.2d 206 (1971). The employment relationship should exist at the time and in respect to the very transaction out of which the injury arose. McLamb, 11 S.E.2d at 285.
 
 
 13
 Thus, in Barrow v. Keel, 213 N.C. 373, 196 S.E. 366 (1938), the North Carolina Supreme Court held that where an employee of a tobacco warehouse was driving on his employer's instructions to another city to drum up trade and had checks of his employer's for payment of persons at that destination, even though he was using his own car and his wife was along on the trip, there was enough evidence to submit the question of the scope of employment to the jury. Likewise, Miller v. Wood, 210 N.C. 520, 187 S.E. 765 (1936), held that where a machinist, the superintendent of machinery of several mills in one community, was driving from one mill to another with parts needed at his destination, even though he was using his own car, the evidence was sufficient to submit to a jury the question of whether he was within the scope of employment. In Massey v. Board of Education of Mecklenburg County, 204 N.C. 193, 167 S.E. 695 (1933), the Court found that a school janitor authorized to buy cleaning supplies, which he customarily did outside normal work hours and off school property on the way to work, was within the scope of his employment while performing the special errand. As the court there noted, the Supreme Court of the United States has acknowledged this exception to the general rule on travel to and from work. Voehl v. Indemnity Insurance Co. of North America, 288 U.S. 162, 169-70, 53 S.Ct. 380, 382-83, 77 L.Ed. 676 (1933). We are of opinion that Barrow, Miller, and Massey are support in law for the verdict in this case.
 
 
 14
 We also note that North Carolina has established a rule for close or doubtful scope of employment cases:
 
 
 15
 "[W]here it is doubtful whether a servant in injuring a third person was acting within the scope of his authority, it has been said that the doubt will be resolved against the master because he set the servant in motion, at least to the extent of requiring the question to be submitted to the jury for determination." Cole v. Atlantic Coast Line R. Co., 211 N.C. 591, 191 S.E. 353, 355 (1937), citing Colvin v. Lumber Co., 198 N.C. 776, 153 S.E. 394, 395 (1930).
 
 
 16
 We think that the question of the scope of Forbes' employment was not beyond doubt and that the jury verdict was supported by the evidence.
 
 
 17
 On remand, judgment should be entered for the plaintiffs against the Hospital on the verdict of the jury.
 
 
 18
 VACATED AND REMANDED.
 
 
 
 *
 Honorable John W. Peck, United States Court of Appeals for the Sixth Circuit, sitting by designation