833 F.2d 1004
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CERTAINTEED CORPORATION, Plaintiff-Appellee,
v.
PAUL'S PIPELINE, INC., The Continental Insurance Company,
Defendants- Appellants.
CERTAINTEED CORPORATION, Plaintiff-Appellee,
v.
PAUL'S PIPELINE, INC., The Continental Insurance Company,
Defendants- Appellants.
 Nos. 86-3643, 87-3521.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1987.
Decided: Nov. 18, 1987.
 
 James Thomas Ferrini (Clausen, Miller, Gorman, Caffrey & Witous, P.C., William D. Dannelly, Sarah W. Fox, Moore & Van Allen, David A. Bratt, Robert J. Brown, Brown, Bucalos, Santana & Bratt, P.S.C. on brief) for appellants.
 Jonathan E. Buchan (L. Martin Wright, III, Smith, Helms, Mulliss & Moore on brief) for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, HARRISON L. WINTER, Chief Judge, and WILKINS, Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul's Pipeline, Inc. and its surety, The Continental Insurance Company, appeal the district court's grant of judgment notwithstanding the verdict on its counterclaim against CertainTeed Corporation for breach of contract. We affirm.
 
 I.
 
 2
 Paul's Pipeline contracted with CertainTeed to purchase pipe and pipe couplings for use at the Robeson County Water Project in North Carolina. After several orders, Paul's Pipeline cancelled the contract.
 
 
 3
 CertainTeed brought suit for its unpaid invoices amounting to $205,993.34. Paul's Pipeline admitted a $201,900.90 obligation but counterclaimed for breach of contract in three particulars, alleging that: (1) certain shipments were untimely delivered; (2) some pipes were not pre-belled as required by the contract; and (3) numerous pipes and couplings were defective and caused an extraordinary number of leaks.
 
 
 4
 The jury found CertainTeed had breached the contract in all three respects and awarded Paul's Pipeline a total of $316,759.53. Of this figure, the jury found Paul's Pipeline was entitled to $1.00 for untimely delivery, $800.40 for failure to pre-bell and $315,958.13 for defective pipes. The jury determined $106,248.00 of these damages resulted from delay. The district court directed that the total award be offset by the admitted debt of $201,900.90.
 
 
 5
 CertainTeed subsequently moved to enter judgment pursuant to its earlier motion for a directed verdict and alternatively requested a new trial. After considering memoranda from the parties, the district court entered judgment notwithstanding the verdict and alternatively granted a new trial, finding that the evidence as to proof of defective pipes was insufficient. The court also ruled that the damages awarded for defective pipes and delay were unsupported by the evidence. The jury's findings that CertainTeed was liable for $1.00 due to late delivery and $800.40 for failure to pre-bell the pipes were not disturbed by the district court.
 
 II.
 
 6
 In ruling on a motion for judgment notwithstanding the verdict, the court must determine whether there is substantial evidence to support the jury's verdict. Evington v. Forbes, 742 F.2d 834, 835 (4th Cir.1984). Although the court must examine the evidence in the light most favorable to the non-moving party, "[a] mere scintilla of evidence is insufficient to sustain the verdict, and the inferences a jury draws to establish causation must be reasonably probable." Lust v. Clark Equipment, 792 F.2d 436, 437 (4th Cir.1986). It is also settled that "[a]lthough damages need not be proven with exactitude, they must be supported by evidence." U.S. Industries, Inc. v. Blake Construction Co., Inc., 671 F.2d 539, 550 (D.C.Cir.1982).
 
 
 7
 Paul's Pipeline claimed that 268 couplings leaked due to rolled or "fish-mouthed" gaskets. However, Paul's expert examined only twenty-five pipe couplings, and of the twenty-five he testified that he discovered only five which did not meet the required specifications.
 
 
 8
 The district court also properly found that Paul's Pipeline failed to present substantial evidence in support of its prayer for damages due to defective pipes. A review of the record demonstrates that Paul's Pipeline failed to provide proper documentation for its claim, and further reveals that its evidence on this issue was speculative at best.
 
 
 9
 Finally, the district court correctly determined as a matter of law that there was insufficient evidence to support the $106,248.00 awarded for delay. The district court correctly noted that the expert for Paul's Pipeline calculated a total cost of labor and equipment for the delay and then randomly attributed one-fourth of this amount to CertainTeed.
 
 
 10
 AFFIRMED.