944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vonda Ann WALSH, Plaintiff-Appellant,
v.
VIRGINIA HOUSING DEVELOPMENT AUTHORITY, Defendant-Appellee,
and
Sovran Mortgage Corporation, Defendant.
 No. 90-1887.
 United States Court of Appeals, Fourth Circuit.
 Argued July 30, 1991.
Decided Sept. 20, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-87-376-R)
 Argued: James Clifton Walsh, Lexington, Va., for appellant; Theodore Floyd Adams, III, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for appellee.
 On Brief: Carol F. Bowmer, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Vonda Ann Walsh brought this action in the district court claiming that the Virginia Housing Development Authority (VHDA) violated the Equal Credit Opportunity Act, 15 U.S.C. # 8E8E # 1691, 1691e, by discriminating against her on the basis of her marital status when it rejected her mortgage application. The jury found in favor of Mrs. Walsh and awarded her $2500 in damages. The defendants moved for judgment notwithstanding the verdict (j.n.o.v.) pursuant to Fed.R.Civ.P. 50(b), and the district court granted the motion. Mrs. Walsh appealed. We affirm.
 
 
 2
 Mrs. Walsh and her husband, James Clifton Walsh, entered into a contract to purchase real estate. The sales contract was conditional on the Walshes obtaining financing. The Walshes filed an application for a mortgage through the VHDA at Sovran Bank.[1] The application had been altered in several places. The application, as altered, reflected that Mr. Walsh was not to be considered in the mortgage application and was not to be a borrower. The application was accompanied by a letter stating that the loan was to be made only to Mrs. Walsh.
 
 
 3
 Sovran submitted the loan package to VHDA, where it was reviewed by Terry Beltz, a VHDA loan underwriter. VHDA rejected the loan application. The rejection letter was addressed to both Mr. and Mrs. Walsh. Mrs. Walsh brought this action[2] under the Equal Credit Opportunity Act contending that VHDA discriminated against her based upon her marital status by refusing to give her a loan individually. In support of that claim, she cited the rejection letter addressed to both her and her husband; she also pointed to a VHDA policy that loans were generally made to both members of a married couple.
 
 
 4
 Beltz testified at trial that VHDA generally gave loans jointly to both members of a married couple, but that loans would be granted to one member of a married couple if that person so requested and was individually qualified. He testified that he considered Mrs. Walsh's application based upon her individual qualifications, but denied the mortgage because of her insufficient assets and her short time in her job, as well as the overall credit picture. He stated that the rejection letter was addressed to both Mr. and Mrs. Walsh so as to protect them from liability on the sales contract, since both of their names were on the contract.
 
 
 5
 During the course of the trial, the district court judge asked several questions of Mrs. Walsh, including whether she had any evidence that VHDA discriminated against her based upon her marital status. The purpose of these questions was to clarify the testimony elicited during Mr. Walsh's direct examination.
 
 
 6
 Mr. Walsh asked that the district court judge put on the record his prior statement that he was a member of the General Assembly at the time the VHDA legislation was passed, and that he did not see a problem with requiring both members of a married couple to join in VHDA loan applications. The court granted the request.
 
 
 7
 The jury came back with a verdict of $2500 for Mrs. Walsh. The defendants moved for j.n.o.v., and the district court granted the motion. Mrs. Walsh appealed.
 
 
 8
 The first issue on appeal is whether the district court erred in granting the defendants' j.n.o.v. motion. A j.n.o.v. is proper only if there is no substantial evidence to support the jury's verdict. Evington v. Forbes, 742 F.2d 834 (4th Cir.1984); Business Dev. Corp. v. United States, 428 F.2d 451 (4th Cir.), cert. denied, 400 U.S. 957 (1970). In making this determination, the reviewing Court must look at all of the evidence in the light most favorable to the nonmoving party. Ryan v. Edwards, 592 F.2d 756 (4th Cir.1979).
 
 
 9
 To prove a claim for damages under the Equal Credit Opportunity Act, a plaintiff must show that a creditor discriminated on the basis of marital status, though a creditor may inquire about marital status. 15 U.S.C. § 1691(a)(1), (b)(1). Further, a creditor may refuse to extend credit pursuant to a credit assistance program for the economically disadvantaged if the refusal is required by the program. 15 U.S.C. § 1691(c)(1). VHDA administers a program for economically disadvantaged first-time home buyers. Va.Code Ann. § 36-55.25.
 
 
 10
 There was no evidence that VHDA discriminated against Mrs. Walsh on the basis of her marital status. All of the evidence supported the defendants' contention that Mrs. Walsh was not qualified due to her lack of cash, credit report, and short time on her present job-factors which disqualified her under VHDA requirements. The rejection letter was written to both of the Walshes because both of their names were on the sales contract. The only testimony which contradicted VHDA's reason for denying the loan was Mrs. Walsh's unsupported assertion that the loan was denied because of her marital status. We hold that this is not sufficient to constitute evidence for the purpose of rendering improper the motion for j.n.o.v. Therefore, we affirm the district court's order.
 
 
 11
 Mrs. Walsh raises two other issues on appeal. First, she contends that the district court judge was biased, as evidenced by his questioning of several witnesses and his statement regarding his service in the General Assembly at the time of the passage of the VHDA legislation and his belief that VHDA could require both members of a married couple to apply for loans. Mrs. Walsh did not object or move for recusal below. Consequently, the questions and statement would warrant reversal only if they constituted a fundamental error which infected the integrity of the trial. Stewart v. Hall, 770 F.2d 1267 (4th Cir.1985). Because Mrs. Walsh was not individually qualified for the loan, the judge's statement that the VHDA procedures were valid is, at most, harmless error. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 862 (1988). Further, the judge's questions did not show any sort of extrajudicial bias, but rather an effort to allow Mrs. Walsh to state more clearly the basis of her action. This cannot be said to be reversible error. See In re Beard, 811 F.2d 818, 827 (4th Cir.1987) (recusal warranted only where judge demonstrates extrajudicial bias).
 
 
 12
 Finally, Mrs. Walsh contends that the court erroneously failed to instruct the jury that it could award punitive damages and erroneously instructed the jury that Mrs. Walsh had a duty to mitigate her damages. As the appellee points out, the jury instructions were not included in the joint appendix. However, it is clear in light of the j.n.o.v. that any error regarding jury instructions on the issue of damages was harmless. Therefore, these claims are without merit.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 VHDA does not itself make loans; rather, it approves or disapproves loans to be made by authorized banks through a state program. Sovran was the authorized bank where Mrs. Walsh applied for a VHDA loan. Sovran was a defendant in the district court proceeding, but Mrs. Walsh appealed only the judgment in favor of VHDA
 
 
 [2]
 Mrs. Walsh was represented at trial and on appeal by her husband, who is an attorney